829 F.2d 853
 9 Fed.R.Serv.3d 554
 Irving S. TUSHNER and Union Financial Corporation, Petitioners,
v.
UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF
CALIFORNIA, Respondents,
and
EMPIRE OF AMERICA, FSA, a Federal Savings Association, Real
Party in Interest.
 No. 87-7247.
 United States Court of Appeals,
Ninth Circuit.
 Submitted July 30, 1987*.
Decided Oct. 5, 1987.
 
 A. Barry Cappello, Santa Barbara, Cal., for petitioners.
 Marc Marmaro, Los Angeles, Cal., for real parties in interest.
 Appeal from the United States District Court for the Central District of California.
 Before BROWNING, KENNEDY and LEAVY, Circuit Judges.
 KENNEDY, Circuit Judge:
 
 
 1
 This case presents a novel question of time calculation under the Federal Rules of Civil Procedure. In calculating the ten-day period for filing a jury demand in a removed case, Fed.R.Civ.P. 81(c), the plaintiffs in the district court excluded intervening Saturdays, Sundays, and legal holidays. Such exclusions are permitted in calculating any period of less than eleven days, Fed.R.Civ.P. 6(a), and, the plaintiffs reasoned, this grace period necessarily applies to the ten-day jury demand requirement of Federal Rules of Civil Procedure 81(c).
 
 
 2
 The trial judge thought there was a problem, however. The plaintiffs had served their demand by mail. Under Federal Rule of Civil Procedure 6(e), service by mail enlarges a prescribed period by three days. As ten plus three equals thirteen, the trial court ruled that plaintiffs were not entitled to the benefits of the less-than-eleven-day rule. In other words, the trial court ruled that the three-day grace period for service by mail may operate to give a party less time, not more. We disagree.[1]
 
 
 3
 Briefly stated, the specifics of the case were as follows: Union Financial Corporation and Irving Tushner commenced a state court action against Empire of America on July 7, 1986. On August 8, 1986, Empire removed the case to federal court, and on August 11 it served an answer to the complaint by mail. On August 26, 1986, Union and Tushner filed a demand for jury trial.[2]
 
 
 4
 After a status conference, the district court ruled the jury trial demand untimely. As we have noted, it reasoned that the three days added for service by mail increased the prescribed period for jury demands to thirteen days, thus rendering the less-than-eleven-day rule, and its excluded days, inapplicable.
 
 
 5
 We rule that it is the prescribed ten-day period for jury demands under Rule 81(c) that triggers the exclusion provision, and that intervening weekends and holidays should have been excluded, as provided in Rule 6(a). The demand was timely.
 
 
 6
 The district court plaintiffs become petitioners here, as they seek a writ of mandamus to require the district court to order a jury trial. We grant mandamus where necessary to protect the constitutional right to trial by jury. See Dairy Queen, Inc. v. Wood, 369 U.S. 469, 472, 82 S.Ct. 894, 897, 8 L.Ed.2d 44 (1962); Owens-Illinois, Inc. v. United States Dist. Court, 698 F.2d 967, 969 (9th Cir.1983); Myers v. United States Dist. Court, 620 F.2d 741, 744 (9th Cir.1980). If the plaintiffs are entitled to a jury trial, their right to the writ is clear. Owens-Illinois, Inc., 698 F.2d at 969.
 
 
 7
 We find the petitioners' position to be the better-reasoned one. It is logical to locate the prescribed period for jury demands in Rule 81(c), the rule on jury demands, rather than in the rule on service by mail. The language of the service by mail rule suggests as much, for it treats the "prescribed period" as a discrete category, defined elsewhere.
 
 
 8
 It would be anomalous, moreover, to interpret the rules so that a litigant served by mail would have less time for action than a litigant served personally, as would be the case here and in many other instances under the district court's interpretation. Given Rule 6(e)'s purpose to afford equal response time to those served by mail, the district court's result is unsound.
 
 
 9
 The issue of computation is a question of first impression here. The United States District Court for the Southern District of Alabama in a comprehensive and well-reasoned opinion on the subject concluded that Rule 6(e) cannot be construed to render prescribed periods of less than eleven days ineligible for beneficial treatment under Rule 6(a). Nalty v. Nalty Tree Farm, 654 F.Supp. 1315 (S.D.Ala.1987). As the Nalty court recognized, such a construction would be contrary to the purpose of the 1985 amendment to Rule 6(a), which extended the exclusion of intermediate weekends and holidays from time periods of less than seven days to time periods of less than eleven days. Id. at 1317; 4A C. Wright, A. Miller, Federal Practice and Procedure Sec. 1171, at 516-20 (2d ed. 1987).
 
 
 10
 We conclude that the prescribed period for jury demands remains ten days in spite of the service by mail provision. The period is calculated first by applying the less-than-eleven-day provision of Rule 6(a), thereby excluding any intervening weekends and legal holidays. After this computation, three additional days are added for mail service under Rule 6(e). Applying this method, the demand for jury trial was due no later than August 28, 1987. As it was served on August 26, 1987, the demand was timely.
 
 
 11
 The petition for writ of mandamus is granted, and the writ shall issue.
 
 
 12
 GRANTED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 9(f) and Fed.R.App.P. 34(a)
 
 
 [1]
 The full texts of the rules are as follows:
 Rule 81(c):
 Removed Actions. These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. Repleading is not necessary unless the court so orders. In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of summons upon such initial pleading, then filed, or within 5 days after the filing of the petition for removal, whichever period is longest. If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. The court may make this direction on its own motion and shall do so as a matter of course at the request of any party. The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury.
 Rule 6(a):
 Computation. In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 77(c), "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held.
 Rule 6(e):
 Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.
 
 
 [2]
 Although this case arises under Rule 81(c), we note that Rule 38(b) also contains a ten-day provision for jury trial demands, and the same problem might arise there