ORDERED that the motions for reassignment and rehearing are denied.

681 F. Supp. 883

WASHINGTON INTERNATIONAL INSURANCE CO., PLAINTIFF *v.*
UNITED STATES, DEFENDANT

Court No. 81–12–01678

MEMORANDUM OPINION AND ORDER

(Dated March 1, 1988)

*Wayne Jarvis, Ltd. (Wayne Jarvis)* and *Tribbler & Marwedel (Paul McCambridge),* for the plaintiff.

*James M. Spears,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch (*A. David Lafer* on the motion), for the defendant.

RE, *Chief Judge:* Defendant moves before the chief judge to extend the time to respond to plaintiff's motion for reassignment. This motion raises a question of first impression in this court pertaining to the interrelationship of Rules 6(a) and 6(c) of the Rules of the United States Court of International Trade, which regulate the method of computing time for responding to pleadings and motions.

On January 13, 1988, plaintiff served defendant by mail with a copy of a nondispositive motion before the chief judge to reassign this action from a three-judge panel to a single judge and to proceed with a jury trial. On February 3, 1988, defendant served plaintiff with a motion for an extension of time to respond to plaintiff's motion for reassignment. Defendant stated that it required additional time to obtain the Solicitor General's authorization before filing an interlocutory appeal, pursuant to 28 U.S.C. § 1292(d), from this court's order in *Washington Int'l Ins. Co.* v. *United States,* 12 CIT 11, Slip Op. 88–4 (Jan. 12, 1988), denying the government's motion to strike plaintiff's demand for a jury trial.

Plaintiff opposed defendant's motion for an extention of time as being untimely served. Plaintiff maintains that since its motion for reassignment is nondispositive, pursuant to Rule 7(d) of the Rules of the United States Court of International Trade, defendant had 10 days from the date of service, January 13, 1988, to serve plaintiff with its response. Rule 7(d) provides that "[u]nless otherwise prescribed by these rules, or by order of the court, a response to a motion shall be served within 10 days after service of such motion * * *."

Plaintiff argues that, since its motion to reassign was served by mail, Rule 6(c) operates to increase defendant's time to respond by 5 days. In support of its argument, plaintiff maintains that in computing the due date for the service of defendant's response, the Rules do not permit the exclusion of Saturdays, Sundays, and legal holidays. Therefore, under plaintiff's formula defendant's due date was January 28, 1988, that is 15 calendar days after the date of service of plaintiff's motion.

Plaintiff asserts that Rule 6(a) permits the exclusion of intermediate Saturdays, Sundays, and legal holidays in computing time only "when the period of time prescribed or allowed is less than *11* days." Plaintiff maintains that Rule 6(a) is inapplicable in this case "since Rules 7(d) and 6(c) collectively prescribe that the government be allowed *15* days." Hence, it is plaintiff's position that defendant's motion was served beyond the due date, and therefore, is untimely.

The specific question presented is whether a prescribed period of less than 11 days, which under USCIT Rule 6(a) excludes Saturdays, Sundays, and legal holidays, is, in effect, extended by USCIT Rule 6(c) by adding 5 days when service is made by mail. The court concludes that a party may avail itself of the benefits of both Rule 6(a), by excluding intervening Saturdays, Sundays, and legal holidays, and the benefits of Rule 6(c), by adding 5 days for service by mail, in calculating the due date of its response to a nondispositive motion.

Rule 6, in pertinent part, provides as follows:

> (a) Computation. In computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or a legal holiday, or when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk inaccessible, in which event the period runs until the end of the next day which is not one of the afore-mentioned days. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.
>
> \* \* \* \* \* \* \*
>
> (c) Additional Time After Service by Mail. Whenever a party has the right or obligation to do some act or take some proceeding within a prescribed period after the service of a pleading, motion, or other paper upon him, and the service is made by mail, 5 days shall be added to the prescribed period.

USCIT R. 6(a),(c).

Rules 6(a) and 6(c) of the Rules of the United States Court of International Trade are patterned after Rules 6(a) and 6(e) of the Federal Rules of Civil Procedure, respectively. The question of the interrelationship between Rules 6(a) and 6(e) of the Federal Rules of Civil Procedure was considered in a recent opinion by the United States Court of Appeals for the Ninth Circuit in *Tushner* v. *U.S. Dist. Court for Cent. Dist. of Cal.*, 829 F.2d 853 (9th Cir. 1987). In *Tushner,* then Circuit Judge Anthony Kennedy, now Associate Justice of the Supreme Court, concluded that "Rule 6(e) cannot be construed to render prescribed periods of less than eleven days ineligible for beneficial treatment under Rule 6(a)." *Id.* at 855 (citing *Nalty* v. *Nalty Tree Farm,* 654 F. Supp. 1315 (S.D. Ala. 1987)). Accordingly, it was explained that the prescribed time period is computed by utilizing the following formula:

> [F]irst by applying the less-than-eleven-day provision of Rule 6(a), thereby excluding any intervening weekends and legal holidays. After this computation, three additional days are added for mail service under Rule 6(e).

*Tushner,* 829 F.2d at 855–56.

Applying the *Tushner* formula to the facts of this case, defendant's response to plaintiff's motion was due on February 2, 1988. Under these circumstances, defendant's motion for an extension of time was served 1 day late. It is noted, however, that in determining the scope and intent of the Rules of the United States Court of International Trade, Rule 1 provides that the Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." USCIT R. 1.

This is the first opinion of this court on the interrelationship between USCIT Rule 6(a) and Rule 6(c). In view of the circumstances presented, and because of the importance of the underlying substantive issue, namely, the right to trial by jury in an action against the United States for the recovery of customs duties, the court, pursuant to its discretionary authority under USCIT Rule 1, grants defendant's motion for an extension of time to respond to plaintiff's motion for reassignment of the action.

As indicated previously, defendant requested the extension of time to obtain the Solicitor General's authorization before filing an interlocutory appeal pursuant to 28 U.S.C. § 1292(d). Rule 10(b)(1) of the Rules of the United States Court of Appeals for the Federal Circuit provides that appeals pursuant to 28 U.S.C. § 1292(d) shall be governed by Federal Rules of Appellate Procedure 5(a), (b), and (c). Rule 5(a) of the Federal Rules of Appellate Procedure provides that the statement prescribed by 28 U.S.C. § 1292 may be included "at any time." It is noted that, on February 19, 1988, the defendant filed its motion to amend this court's order in *Washington Int'l Ins. Co.* v. *United States,* 12 CIT 11, Slip Op. 88–4 (Jan. 12, 1988), to include the prescribed statement permitting immediate appeal to the Court of Appeals for the Federal Circuit.

Accordingly, for the reasons stated, it is

ORDERED that defendant's motion for an extension of time is granted.