Leonard R. KOCH, Plaintiff,

v.

Marke BRIDGE, Defendant.

No. IP 93–1272–C.

United States District Court, S.D. Indiana, Indianapolis Division.

Oct. 7, 1993.

Leonard R. Koch, pro se.

**ENTRY CONSTRUING PLAINTIFF'S OPPOSITION TO JUDGMENT AND DISMISSAL AS MOTION FOR RELIEF FROM JUDGMENT, DENYING MOTION FOR RELIEF FROM JUDGMENT AND DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

TINDER, District Judge.

This cause is before the Court on plaintiff Leonard R. Koch's "opposition to the court's judgment and dismissal" and on his notice of appeal. Each of these documents was signed on September 30, 1993 and filed October 4, 1993. Each pertains to the judgment signed September 24, 1993, entered on the Clerk's docket on September 27, 1993, which denied the plaintiff's request to proceed *in forma pauperis* and dismissed the action with prejudice.

**I.**

The first task is to characterize the plaintiff's opposition. The plaintiff's opposition to the disposition in this case seeks to have the Court find "that [the] Complaint should not be dismissed." This is a request for substantive relief from the dismissal. *United States v. Gargano*, 826 F.2d 610, 611 (7th Cir.1987) ("By substantive motion we mean one that if granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order...."). The rule in this Circuit is that "all substantive motions served within ten days of the entry of a judgment will be treated as based on Rule 59, and therefore as tolling the time for appeal." *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir.1986); Fed.R.App.P. 4(a)(4).[1] The

---

1. Rule 59(e) provides: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." The rule cited in the text is intended to avoid the "endless hassles over proper characterization" that would ensue if appellees thought they had a good shot at defeating an appeal by pointing to ambiguities or irregularities in a postjudgment motion. *Western Industries, Inc. v. Newcor Cana-*

"entry of judgment" to which Rule 59(e) refers is the entry of the Court's judgment on the Clerk's civil docket pursuant to F.R.Civ.P. 79(a).[2]

The plaintiff's motion, therefore looks to be timely filed. But "filed" is not the key. The pivotal point is when the motion was "served" and a postjudgment motion which would otherwise be timely under Rule 59(e) cannot be treated as such a motion if it was not served. *Simmons v. Ghent,* 970 F.2d 392 (7th Cir.1992). This is true even where, as here, the opposing party never entered an appearance. *Id.*

What, then, becomes of the plaintiff's opposition? The answer, which is the only sensible one, came in *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir.1992): "substantive motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b)." F.R.Civ.P. 60(b) provides six grounds upon which a judgment may be vacated:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

None of these grounds are applicable here. Most of Mr. Koch's opposition discusses the inapplicability of the doctrine of absolute immunity. Immunity was not the basis for the decision in this case. *Williams v. Goldsmith,* 701 F.2d 603 (7th Cir.1983), was discussed to illustrate the appropriateness, in a clear case, of relying on an obvious affirmative defense to assess the sufficiency of a complaint under the narrow standard of review permitted by 28 U.S.C. § 1915(d). This is such a case. The plaintiff's remark at the end of his opposition that he has not been released since the extradition which was alleged in the complaint is an irrelevancy. He is bound by the Indiana statute of limitations and the tolling provisions of Indiana law. As noted in the Entry which accompanied the Judgment, the plaintiff's incarceration did not extend that period. *Bailey v. Faulkner,* 765 F.2d 102 (7th Cir.1985). While the plaintiff may disagree with the Court's assessment of his complaint he cannot use Rule 60(b) to obtain relief from errors of law in the district court's final judgment. *Parke–Chapley Const. Co. v. Cherrington,* 865 F.2d 907, 915 (7th Cir.1989); *McKnight v. United States Steel Corp.,* 726 F.2d 333, 338 (7th Cir.1984). "The appropriate way to seek review of alleged legal errors is by timely appeal; a 60(b) motion is not a substitute for appeal or a means to enlarge indirectly the time for appeal." *Id.* at 338. The plaintiff has done this through his notice of appeal, but his request that the action "not be dismissed," treated as a motion for relief from judgment under Rule 60(b), is **denied.**[3]

## II.

A Rule 60(b) motion does not affect the time within which a party must file a notice of appeal. *See United States v. Deutsch,* 981 F.2d at 302 & n. 4. The plaintiff's notice of appeal was clearly timely under Appellate Rule 4(a)(1). The Clerk has thus appropriately forwarded the customary

---

da, Ltd., 709 F.2d 16, 17 (7th Cir.1983) (*per curiam*).

**2.** Rule 58 states that a judgment is effectively final only when "set forth on a separate document" and "when entered as provided by Rule 79(a)." F.R.Civ.P. 58. Rule 79(a) directs the clerk to enter, *inter alia,* "all appearances, orders, verdicts, and judgments" in chronological order in the civil docket, taking care that the entries "show the nature of each paper filed or writ issued and the substance of each order or judgment of the court." F.R.Civ.P. 79(a).

**3.** As will be discussed, the plaintiff's notice of appeal is effective. Nonetheless, a district court has jurisdiction to consider and deny Rule 60(b) motions during the pendency of an appeal. *Textile Banking Co. v. Rentschler,* 657 F.2d 844, 849–50 (7th Cir.1981).

information sheet and the short record to the Clerk of the Court of Appeals.

The plaintiff's complaint was promptly evaluated under the two-fold test prescribed in 28 U.S.C. § 1915(d) to determine whether he was entitled to proceed *in forma pauperis* as he had requested. Pursuant to that statute the district court is to

> make a preliminary determination that the prospective litigant is indigent and that his action is neither frivolous nor malicious before granting leave to proceed *in forma pauperis* ... If the complaint submitted along with the petition is frivolous, the district court must deny leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(d) ... [and] may also dismiss the complaint with prejudice under § 1915(d).

*Smith–Bey v. Hospital Administrator,* 841 F.2d 751, 757 (7th Cir.1988). A complaint should be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). *See also Denton v. Hernandez,* — U.S. ——, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Flick v. Blevins,* 887 F.2d 778, 780 (7th Cir.1989), *cert. denied,* 495 U.S. 934, 110 S.Ct. 2179, 109 L.Ed.2d 508 (1990).

Applying this standard to the plaintiff's complaint in this case, the Court determined that the plaintiff's allegations were barred by Indiana's two-year statute of limitations. His claim, therefore, was frivolous within the meaning of § 1915(d).

The plaintiff's notice of appeal, as noted, was timely filed. Since it is not accompanied by the filing and docket fees required by 28 U.S.C. §§ 1913 and 1917 and since the plaintiff remains incarcerated, the notice of appeal will be construed as a request for leave to proceed on appeal *in forma pauperis.*

The procedures and standards applicable to grants of pauper status on appeal are found in 28 U.S.C. § 1915, *Fed.R.App.P.* 24(a), and the decisions of the Seventh Circuit Court of Appeals in *Lucien v. Roegner,* 682 F.2d 625 (7th Cir.1982), and *Wartman v. Milwaukee County Court,* 510 F.2d 130 (7th Cir.1975). 28 U.S.C. § 1915(a) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

It has been recognized that "the appeal of a litigant whose position in the district court was correctly adjudged frivolous is frivolous per se." *Gorenstein Enterprises, Inc. v. Quality Care–USA, Inc.,* 874 F.2d 431, 438 (7th Cir.1989). *See also Williams v. Leach,* 938 F.2d 769, 775 (7th Cir.1991) (an appeal is frivolous when the result is foreordained by the lack of substance to the appellant's arguments).

Review of the complaint and disposition in this case reveal nothing which would suggest error in the Court's denial of Koch's initial request to proceed *in forma pauperis.* Apart from whether the plaintiff's allegations would be actionable under 42 U.S.C. § 1983, the claim he offers is time-barred.

The Court of Appeals will apply an abuse of discretion standard in reviewing the dismissal in this case. *Denton v. Hernandez,* — U.S. ——, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). "Under the Seventh Circuit standard, an abuse of discretion occurs when one or more of these circumstances obtains: (1) the record contains no evidence on which the court could rationally have based its decision; (2) the decision is based on an erroneous conclusion of law; (3) the decision is based on clearly erroneous factual findings; (4) the decision clearly appears arbitrary...." *American Standard, Inc. v. Pfizer, Inc.,* 828 F.2d 734, 739 (Fed.Cir.1987) (citations omitted). Since there is no possibility that any of these conditions are present with respect to the Entry and Judgment of September 24, 1993, the plaintiff's appeal from that disposition is without an arguable basis. An action taken without rational basis cannot be taken in good faith. The plaintiff is not, in these circumstances, entitled to proceed on appeal *in forma pauperis.* 28 U.S.C. § 1915(a); *Lucien v. Roegner,* 682 F.2d 625 (7th Cir.1982) (Where a party is denied leave to proceed as a pauper in the district court, and leave to proceed on appeal *in forma pauperis* is sought, "[i]f the district court again finds ... [the claims] frivolous (as normally it would since it denied pauper status in its court), it should then deny leave

to appeal *in forma pauperis* "). Accordingly, the petitioner's implied request to proceed on appeal *in forma pauperis* must be **denied.**