**Edwin D. EPPERLY, et al., Plaintiffs,**

**v.**

**The LEHMANN COMPANY, Defendant.**

**No. NA 89–66–C.**

United States District Court,
S.D. Indiana,
New Albany Division.

March 8, 1994.

Michael F. Ward, Ward, Bolin & Stein, New Albany, IN, for plaintiffs.

Jon W. Ackerson, Triplett Jennings & Ackerson, Louisville, KY, for George J. Lehmann, III.

Edward H. Bartenstein, MacKenzie & Peden, New Albany, IN, for Louis Jarboe.

John R. Vissing, Jeffersonville, IN, for Meridian Mut. Ins. Co.

**ENTRY AND ORDER (1) REVISING MAGISTRATE JUDGE'S 2/8/94 RULINGS, (2) MOOTING OBJECTIONS TO 9/1/92 ORDER, and (3) DIRECTING CLARIFICATION OF COUNSEL'S STATUS.**

FOSTER, United States Magistrate Judge.

This matter came before this Magistrate Judge for a conference on the status of the proceedings supplemental. Michael F. Ward appeared for the plaintiffs and Jon W. Ackerson appeared formally for the defendant Lehmann Company in accordance with the Court's Entry of July 29, 1991. The proceedings were recorded and are made a part of the record. I reviewed the status of the case since the Agreed Judgment was entered on May 6, 1991 and heard counsels' positions on the status of the proceedings supplemental. I informed the parties at the conference that no matters were currently pending before the Court because the objections to my September 1, 1992 Order on the proceedings supplemental were untimely. All related motions filed after November 9, 1992 were declared moot and the case was to be returned to closed status pending further proceedings supplemental. On further reflection, however, I conclude that the defendant's objections were, in fact, timely. At the February 8, 1994 conference, Mr. Ackerson informed the Court and plaintiffs' counsel that all Lehmann Company documents had been produced—not all records that are responsive to

the plaintiffs' requests, but *all* corporate records that exist. Although this development effectively moots the objections to the September 1, 1992 order that these records be produced (if true), I set forth the revision of my timeliness rulings because it may benefit these parties and parties in later cases to address recurring timing issues which arose in this case. In addition, although Mr. Ackerson asserted at the conference that the Company had produced all of its records, and confirmed the same afterwards, we haven't been informed that the plaintiffs accept that representation; they could still pursue a claim that additional records exist. I also direct the clarification and formalization of Mr. Lehmann's participation and Mr. Ackerson's appearance.

### Timeliness of Rule 72(a) objections.

 Fed.R.Civ.P. 72(a) provides, in part:

> Within 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate's order; a party may not thereafter assign as error a defect in the magistrate's order to which objection was not timely made.

The defendant[1] filed a "Motion to Amend" my September 1st Order on September 14, 1992, which motion I denied on November 9, 1992.[2] On November 30, 1992, the defendant followed with a "Motion To Review" the September 1st Order, which was presumably directed to the Honorable S. Hugh Dillin as a Rule 72(a) objection. Measuring Rule 72(a) time from the September 1st order, this November 30th objection would clearly be untimely. I conclude, however, that Rule 72(a)'s ten-day deadline for filing objections to a magistrate judge's order should not run while a motion directed to the magistrate judge to amend or reconsider his order is pending. *See Comeau v. Rupp*, 142 F.R.D. 683, 685–86 (D.Kan.1992) ("A fair reading of the federal and local rules should allow the magistrate judge to fully consider, and if requested, reconsider his decisions before a party invokes district court review under Rule 72(a)"). Analogizing to the provisions of Rule 4(a)(4) of the Federal Rules of Appellate Procedure,[3] I conclude that the better rule is that Rule 72(a)'s ten-day period for filing objections to a magistrate judge's order begins to run for all parties after the magistrate judge has ruled on any pending motions to reconsider, alter, or amend an order which are directed to his discretion and were filed within ten days of the order. Of course, the

1. "Defendant" in this Entry denotes either the Lehmann Company or George Lehmann individually. As discussed in section III., there is some confusion as to which one is actually objecting to my September 1, 1992 order (and perhaps both are). It doesn't matter for the purposes of determining the timeliness of the objections because I conclude below that Rule 72(a)'s ten-day deadline is extended for *all* parties when *any* party files a motion to reconsider directed to the issuing magistrate judge and I find that George Lehmann was implicitly granted intervenor status, thus acquiring standing to object to the order.

2. On May 17, 1993, six months after my denial of the September 1, 1992 motion to amend, counsel Ackerson filed a paper on behalf of "the Defendant, THE LEHMANN COMPANY" stating that "the purpose of [its September 14, 1992 motion] was to appeal the decision of the Honorable Kenneth [*sic*] P. Foster, U.S. Magistrate Judge, of the September 2, 1992, Order." The September 14, 1992 motion, however, was entitled "Motion to Amend Court's Order" and asserted that the magistrate judge had signed a draft order on which the parties had not agreed, contrary to the magistrate judge's order for the parties to submit an agreed draft order. The motion requested

vacation of the signed order and substitution of a substantively different order. Because such relief is usually requested by way of motion to the issuing judge rather than by appeal, it was reasonable to interpret the September 14, 1992 motion to amend as directed to my attention. The motion filed November 30, 1992, following my denial of the September 14, 1992 motion to amend is clearly entitled "Motion to Review Court's Order Of September 1, 1992" and raises substantive objections to the September 1, 1992 Order, without challenging the propriety of my adjudicating the September 14, 1992 motion. The attempt to recharacterize the September 14, 1992 motion eight months later, therefore, is unreasonable and rejected. At any rate, it is apparent that the defendant filed the May 17, 1993 recharacterization in order to save the objections from my earlier untimeliness analysis. This Entry, however, reverses my earlier rulings and preserves the objections.

3. Fed.R.App.P. 4(a)(1) provides that a notice of appeal must be filed within 30 days after entry of the judgment or order appealed from. Rule 4(a)(4) provides in part that "the time for appeal for all parties shall run from the entry of the

Court possesses inherent power to police this practice to protect against manipulation of Rule 72(a)'s ten-day deadline by frivolous or bad faith motions.

■ I calculate the defendant's deadline for filing its Rule 72(a) objections to the September 1, 1992 order as follows:[4]

■ (1) The designated ten-day period for filing objections begins to run "after being served with a copy of the magistrate's order." Rule 72(a). The defendant's motion to amend was denied on November 9, 1992. Such orders are routinely served by mail on the date of issuance, as was this one, so service was made on the defendant on November 9, 1992. Rule 5(b) ("Service by mail is complete upon mailing"). Therefore, November 9th is excluded from the calculation and the designated ten-day period began to run on November 10th. Rule 6(a).

■ (2) Because Rule 72(a) commences the ten-day period for objections on the date of service and the denial of the defendant's motion to amend was served by mail, three days are added to the prescribed ten-day period. Rule 6(e). Because "the rule clearly

is intended to protect parties who are served notice by mail from suffering a systematic diminution of their time to respond through the application of Rule 5(b), which provides that service is complete upon mailing, not receipt", 4A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1171 at 514 (1987); *see Kessler Institute for Rehabilitation v. N.L.R.B.*, 669 F.2d 138, 141 (3rd Cir.1982)[5], I agree with Professors Wright and Miller that the purpose and policy of the rule is best served by adding the three "mail days" at the beginning of the designated period and by including weekends and holidays in the computation of the mail days,[6] *see* 4A *Federal Practice and Procedure* § 1171 at 520–21 ("To assure consistent application, and to reflect accurately the presumption that the three days allowed under Rule 6(e) represent transmission time in the mail, the three days always should be counted first, followed by the ten-day period.").[7] This extends the commencement date of the ten-day period to November 13th.

(3) Because Rule 72(a)'s designated period is less than eleven days, intermediate Satur-

order denying" a timely Rule 59 motion for a new trial, Rule 52(b) motion to amend or make additional findings ("whether or not an alteration of the judgment would be required if the motion is granted"), or Rule 59 motion to alter or amend a judgment. Because the September 14, 1992 Motion to Amend sought substantive

changes in the September 1, 1992 order, the analogy to Fed.R.App.P. 4(a)(4) is proper. *Cf. Koch v. Bridge*, 151 F.R.D. 334, 335 (S.D.Ind. 1993).

4. For ease of reference, this is the calendar of the relevant days in November, 1992 (shaded days are not counted in the Rule 72(a) period):

| Sun. | Mon. | Tue. | Wed. | Thr. | Fri. | Sat. |
|------|------|------|------|------|------|------|
| | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | | | | | |

5. "Essentially, the rule recognizes that the time granted for responding to a specific matter must be enlarged when the document is transmitted by mail. Without such an allowance, a party would be penalized by being allotted less time to complete his task merely because his adversary chose to use the mail. In the interest of fairness, the number of working days assigned to each litigant should be the same insofar as that is possible." *Kessler Institute*, 669 F.2d at 141.

6. *National Savings Bank of Albany v. Jefferson Bank*, 127 F.R.D. 218, 222 n. 7 (S.D.Fla.1989)

(Rule 6(e) not subject to Rule 6(a)'s exclusion of intermediate weekends and holidays). *Contra United States v. Hendricks*, No. 92–C–1461, Memorandum Order, 1993 WL 226291, *1 (N.D.Ill., June 24, 1993) (not counting intervening weekends or holidays in Rule 6(e)'s three mail days).

7. *Contra Levin v. Lear Siegler Diversified Holdings Corp.*, No. 91–C–1029, Memorandum Opinion and Order, 1992 WL 100935, *1–2 (N.D.Ill., Apr. 28, 1992)(J. Conlon); *National Savings Bank of Albany v. Jefferson Bank*, 127 F.R.D. 218, 220–21 (S.D.Fla.1989) (adding mail days at the end of the ten-day period). Some support for adding

days, Sundays, and legal holidays are not included in the calculation of the ten-day period. Rule 6(a).[8] November 26th was the Thanksgiving legal holiday. Rule 6(a); 5 U.S.C. § 6103(a). Therefore, ten days commencing on November 13th were November 13, 16, 17, 18, 19, 20, 23, 24, 25, and 27.

(4) "[W]hen the act to be done is the filing of a paper in court" and the last day of the period falls on "a day on which weather or other conditions have made the office of the clerk of the district court inaccessible", the period will run until the end of the next non-holiday weekday on which the clerk's office is open. Rule 6(a). Here, because the last day of the period fell on Friday, November 27, 1992, a day on which the clerk's office was closed by order of the Court, the last day of the period fell on Monday, November 30, 1992.

I conclude, therefore, that the last day for the parties to file Rule 72(a) objections to my order of September 1, 1992 was November 30, 1992. The defendant's objection filed on that date was timely and inconsistent rulings made at the February 8, 1994 conference are overruled. Inasmuch as Mr. Ackerson informed the Court that all corporate documents have been produced, the objection is declared moot.[9]

### Status of Mr. Ackerson.

There has been a breakdown of proper procedure in this case and these proceedings supplemental regarding the involvement of George Lehmann, the Company, and the appearance of Mr. Ackerson. The original complaint named as sole defendant "George Lehmann, III, d/b/a The Lehmann Company". Mr. Ackerson entered an appearance for "George Lehmann, III, d/b/a The Lehmann Company" and promptly filed a motion to dismiss the complaint on the ground that the contract sued upon was with the Lehmann Company (the "Company"), not Mr. Lehmann personally, and the company has a separate and independent existence as a duly registered corporation under the laws of Kentucky. After the Court granted the motion and the plaintiffs filed an amended complaint naming the Company as sole defendant, Mr. Ackerson, without entering a new appearance on behalf of the Company, filed the Company's answer and continued to represent it throughout the course of the litigation ending in the agreed judgment.[10] After the agreed judgment was entered on May 8, 1991, the plaintiffs initiated the present proceedings supplemental to enforce the judgment by motion on May 8, 1991. On June 5, 1991, Mr. Ackerson moved to withdraw his appearance on behalf of the Company on request of George Lehmann, presumably acting as the President of the Company. After hearing on July 29, 1991, the Court granted Mr. Ackerson's motion to withdraw in part, stating: "Mr. Ackerson shall remain as counsel of record for The Lehmann Company, for the purpose of receiving service of any further process which may be issued in connection with proceedings supplemental to execution in this case; however, Mr. Ackerson shall have no other responsibility to represent The Lehmann Company for other purposes in this case." Order of July 29, 1991, pp. 1–2. A year later, a proceeding supplemental hearing on the plaintiffs' discovery requests was held on August 18, 1992. The September 1, 1992 order resulting from that

Rule 6(e)'s mail days at the beginning of periods is supplied by those decisions utilizing Rule 6(e) to arrive at a presumption of when parties received service. *See, e.g., United States v. Kasuboski,* 834 F.2d 1345, 1351 (7th Cir.1987).

**8.** *See Hairline Creations, Inc. v. Casper,* No. 83–C–8385, Memorandum Opinion and Order, 1988 WL 116522 (N.D.Ill., Oct. 26, 1988) (J. Williams) (Rule 6(a) applies to Rule 72(a)'s ten-day period) (citing *Nalty v. Nalty Tree Farm,* 654 F.Supp. 1315, 1316–18 (S.D.Ala.1987); *Tushner v. United States District Court for the Central District of California,* 829 F.2d 853, 855–56 (9th Cir.1987); *Washington International Insurance Co. v. United States,* 681 F.Supp. 883, 883–84 (C.I.T.1988)); *National Savings Bank of Albany v. Jefferson Bank,* 127 F.R.D. 218, 220–21 (S.D.Fla.1989) (Rule 6(e)'s three mail days may not be combined with Rule 72(a)'s ten-day period to avoid Rule

6(a)'s exclusion of intermediate weekends and holidays).

**9.** Even if Mr. Lehmann were found to be an implicit intervenor and the author of the objections, the Company's production of the records before resolution of his objection would still moot the objection. The objection only challenged the records' relevancy to the proceedings supplemental, and assertions that disclosures were inadvertent or improper have been found relevant only to determinations of whether a privilege or immunity has been waived, not whether irrelevant disclosures may be "undone" somehow.

**10.** In an affidavit submitted to oppose the plaintiffs' motion for default judgment, Mr. Ackerson averred that he was the Company's attorney. Ackerson Affidavit, Oct. 6, 1989.

hearing indicates that "Defendant appeared in person by George J. Lehmann III, its President, and Jon W. Ackerson represented George J. Lehmann III individually." Order of September 1, 1992, p. 1. The order directed the Company to produce certain records, instructed the plaintiffs to return those documents to Mr. Ackerson's office, and denied the production of George Lehmann's personal tax returns.[11] Since the hearing, Mr. Ackerson has purported to represent Mr. Lehmann's and the Company's interests without entering a formal appearance for either and without Mr. Lehmann being named as a party or formally intervening. The situation has been confused even further as Mr. Ackerson's filings on the present motions have oscillated between the parties he is representing.[12] Because of Mr. Ackerson's representations at the conference that full production of the requested records has been made, this confusion of parties and pleadings has not created difficulties so far. Although initiated some time ago, the proceedings supplemental are still in initial stages so there is time to correct these irregularities. Therefore, I direct Mr. Ackerson to file his appearance(s) before filing any additional papers or participating any further in these proceedings. I further admonish Mr. Lehmann individually and Mr. Ackerson that if Mr. Lehmann wishes to participate in any future proceedings, he must follow proper procedure, including, if applicable, moving to intervene pursuant to Fed.R.Civ.P. 24.

11. Production of the Company's discovery has generally been handled through Mr. Ackerson.

12. The September 14, 1992 "Motion to Amend" the September 1, 1992 order is presented in the name of "the Defendant, George Lehmann, individually." The November 30, 1992 "Motion To Review" the September 1, 1992 order is in the name of "the Defendant, The Lehmann Company." A May 17, 1993 "Motion" in the name of the Company attempts to characterize the September 14, 1992 "Motion to Amend", which was presented in the name of George Lehmann individually, as an appeal to the district judge. Finally, the February 9, 1993 Defendant's Response to the plaintiffs' citation of supplemental authority regarding the "Motion To Review", filed on the day of the latest conference on these proceedings, is back in the name of George Lehmann individually.