CNPq—CONSELHO NACIONAL DE DESENVOLVIMENTO CIENTIFICO E TECHNOLOGICO, An Agency of the Federal Republic of Brazil, Appellee,

v.

INTER–TRADE, INC., a District of Columbia Corporation, et al., Appellants.

No. 94–7153.

United States Court of Appeals, District of Columbia Circuit.

April 4, 1995.

Larry W. Thomas and Gregory J. Bendlin, Attys., were on the Motion to Dismiss, for appellee.

Samuel Bailey, Jr., and Donald L. McClure, Sr., Attys., were on the Opposition to the Motion to Dismiss, for appellants.

Before: EDWARDS, Chief Judge, SILBERMAN and BUCKLEY, Circuit Judges.

Opinion for the Court filed PER CURIAM.

## ON MOTION TO DISMISS

PER CURIAM:

This case is before the court on the motion of appellee CNPq—Conselho Nacional de Desenvolvimento Cientifico e Tecnologico (CNPq) to dismiss for lack of jurisdiction. The appeal was brought by Inter–Trade, Inc., and others (Inter–Trade), which seek to challenge a magistrate judge's assessment of attorneys' fees and costs as part of a decision remanding the case to the District of Columbia Superior Court. Under the Federal Rules, a party displeased by a magistrate judge's order must file written objections within ten days as a prerequisite to obtaining appellate review. *See* FED.R.CIV.P. 72; *Pagano v. Frank,* 983 F.2d 343, 345 & n. 3 (1st Cir.1993). Inter–Trade's attempt to do so was rejected by the district court as out of time, and CNPq claims that as a result we lack jurisdiction to review the magistrate's order. The contested issue is whether the three days added to the filing deadline by FED.R.CIV.P. 6(e) to account for mailing are calendar days (which include weekends and legal holidays) or business days. We hold that the three days provided by FED.R.CIV.P. 6(e) are calendar days.[1]

On June 23, 1994, the magistrate judge to whom the pretrial matters in this case had been assigned pursuant to FED.R.CIV.P. 72 granted CNPq's motion for remand to D.C. Superior Court and its accompanying request for attorneys' fees and costs. The order was served on the parties by mail. On July 12,

---

1. CNPq raised several other grounds for dismissal which we do not address in light of our ruling on this issue.

Inter–Trade attempted to file written objections to the magistrate judge's order. The district court refused to accept Inter–Trade's objections, however, because earlier that same day it had formally approved the order.

Inter–Trade now seeks review of the magistrate judge's order imposing liability for attorneys' fees and costs. CNPq counters that since Inter–Trade's objections were refused by the district court as untimely, they were not preserved for appeal. Inter–Trade responds that it is entitled to review of the order in spite of the district court's refusal to accept its objections; that refusal, Inter–Trade claims, erroneously truncated the time within which it was permitted to object and thereby preserve its challenge for appeal.

FED.R.CIV.P. 72 provides that objections to an order or recommendation of a magistrate judge are to be filed "within 10 days after being served with a copy." The Advisory Committee Notes to FED.R.CIV.P. 72 indicate that this ten-day period is subject to FED. R.CIV.P. 6(e). For its part, Rule 6(e) states:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

Both parties agree that since the magistrate judge's order in this case was served on the parties by mail, Rule 6(e) extended the ten-day period for objecting by three days.

The parties also agree that the ten days available pursuant to FED.R.CIV.P. 72 are business days, since FED.R.CIV.P. 6(a) excludes weekends and legal holidays from the computation of filing periods of less than eleven days.

> In computing any period of time prescribed or allowed by these rules ... [w]hen the period ... prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

FED.R.CIV.P. 6(a). The question upon which this case turns is whether Rule 6(e)'s three-day extension is subject to Rule 6(a)'s exclusion of weekends and holidays. If it is not, then the district court correctly refused to enter Inter–Trade's objections, which would have been due on July 11—the day before they were filed. If, on the other hand, Rule 6(a) does apply to the Rule 6(e) extension, Inter–Trade's objections were properly submitted to the district court.[2]

▮ Rule 6(a) sets forth the method for "computing any period of time prescribed or allowed by these rules." Rule 6(e) does not, we think, establish a "period of time" within the meaning of Rule 6(a). The latter apparently contemplates periods of time bounded by specific acts or occurrences—such as the period of time between service of a magistrate's judgment and the filing of objections. Rule 6(e) does not, in our view, establish a "period of time" in this sense. It provides for a three-day extension to a "prescribed period," and that extension is not in itself a period governed by Rule 6(a)'s counting instructions for periods under eleven days. *See Tushner v. United States District Court,* 829 F.2d 853, 855–56 (9th Cir.1987); *National Savings Bank of Albany v. Jefferson Bank,* 127 F.R.D. 218, 227 n. 7 (S.D.Fla. 1989); *Nalty v. Nalty Tree Farm,* 654 F.Supp. 1315, 1316–17 (S.D.Ala.1987); 4A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1171, at 516–20 (2d ed. 1987). In computing time under both 6(a) and 6(e), the three-day addition for mailing should have no effect in determining the run of the prescribed period, such as the ten-day period for objection under Rule 72. When the Rules provide for a period of less than eleven days, its run should be computed excluding weekends and holidays, pursuant to Rule 6(a), and the three-day extension—counting weekends and holidays—should then be added at the end. *See Tushner,* 829 F.2d at 853; *Nalty,* 654 F.Supp. at 1317–18. *Compare* WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1171, at 520 (suggesting that the three calendar days should be counted

---

2. Even if Inter–Trade's exceptions were filed in a timely fashion, it does not necessarily follow that we would then examine them ourselves. The proper course in such a case might be to remand and have the district court consider them in the first instance, as contemplated by Rule 72.

 

first, and the prescribed period then computed).

 Applying the foregoing analysis to this case, the ten-day period set by Rule 72—counting only business days—ran from the service of the magistrate judge's order to July 8, 1994.[3] Adding three calendar days to account for service by mail, as dictated by Rule 6(e), we compute July 11 as the deadline for objecting in the district court. Inter–Trade's attempt to file written objections on July 12 came a day late. By that mistake, Inter–Trade failed to preserve its objections for appeal. Accordingly, we grant CNPq's motion to dismiss the appeal for lack of jurisdiction.

---

**3.** This date was obtained by excluding intermediate Saturdays, Sundays, and Monday, July 4, 1994, a legal holiday, from the computation.