# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-2217

_____

| | | |
|---|---|---|
| Christine Treanor, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| Earl John Singh, | * | Appeals from the United States |
| | * | District Court for the |
| Movant-Appellant, | * | District of Minnesota |
| | * | |
| v. | * | |
| | * | |
| MCI Telecommunications Corporation. | * | |
| | * | |
| Defendant-Appellee. | * | |

_____

Nos. 97-2219, 97-3852

_____

| | | |
|---|---|---|
| Christine Treanor, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| MCI Telcommunications Corporation, | * | |
| | * | |
| Defendant-Appellee. | * | |

_____

Submitted: May 15, 1998
Filed: July 30, 1998
_____


Before McMILLIAN, NOONAN[1], and MORRIS SHEPPARD ARNOLD, Circuit
Judges

_____


NOONAN, Circuit Judge.

Christine Treanor appeals the dismissal of her suit against MCI
Telecommunications Corporation (MCI), and the order that she pay sanctions and
attorney's fees to MCI. Earl John Singh appeals the imposition on him of sanctions in
the same case.

PROCEEDINGS


On June 9, 1995, Treanor, a former employee of MCI, brought this suit alleging
discrimination against her on account of disability and gender. She was represented by
Singh. On August 28, 1995 the district court adopted a pretrial order setting the
schedule upon which the case was to proceed. Discovery was to be completed by
January 31, 1996.

MCI noticed Treanor's deposition for December 19, 1995. Singh said she was
on vacation and would not appear. MCI noticed the deposition for January 9, 1996.

_____

[1]The Honorable John T. Noonan, Jr., United States Circuit Judge, United States
Court of Appeals for the Ninth Circuit, sitting by designation.

Again Singh stated she was on vacation and would not appear. MCI noticed the deposition for January 18, 1996. Treanor appeared. Singh did not. Treanor and MCI agreed to postpone the deposition until later in the month before the January 31, 1996 deadline for discovery. Instead of scheduling a new time, Treanor moved to extend discovery beyond January 31, 1996. Treanor also continued to procrastinate in providing medical information sought by MCI. Further, she sought to replace Singh as her counsel.

On February 6, 1996 the magistrate judge denied Treanor's motion to extend discovery, denied Singh's motion to withdraw, and ordered Treanor's deposition to be taken "forthwith." On February 8, 1996, MCI noticed Treanor's deposition for February 15 and 16, 1996. On February 14, 1996 Singh wrote counsel for MCI that Treanor had been "on the road," was unaware of the deposition date, and that he did "not anticipate" that she would appear. As Singh anticipated, Treanor, who was informed of the scheduled deposition on the evening of February 14, was unavailable to be deposed on February 15 or 16.

On February 15, 1996 Treanor secured new counsel, Krass, Monroe P.A., who continue to represent her on this appeal. Her new attorneys notified counsel for MCI that Treanor would be available for deposition on February 22. Instead of accepting this offer, MCI moved for sanctions under Fed. R. Civ. P. 37(b). After a hearing on March 5, 1996, the magistrate judge allowed Singh to withdraw as counsel and extended the discovery deadline to May 31, 1996. At the same time the magistrate found Treanor and Singh had committed "extreme discovery abuse," warranting sanctions. The magistrate declared that he "questions Plaintiff's commitment to prosecute her claim," but concluded that "outright dismissal of Plaintiff's claims would be, at this time, too drastic a measure." The magistrate imposed a sanction of $4,000 on Treanor and Singh, jointly and severally as partial reimbursement for expenditures caused MCI by their "obstructive conduct." If payment of the sanctions were not made

by April 30, 1996, Treanor's case was to be dismissed. The magistrate's order was dated April 16, 1996, giving Treanor and Singh fourteen days to pay.

On May 2, 1996 Treanor and Singh moved for reconsideration. On May 7, 1996 the magistrate heard the motion and on June 28, 1996 ruled on it. The magistrate said that the motion had come "after time for compliance" with the April 16 order, but nonetheless addressed Treanor's motion for reconsideration on the merits. The magistrate found no reason to reconsider Treanor's case. It is not clear from the magistrate's order how he treated Singh's motion. As there was no explicit reference to the merits of Singh's motion, the order is best understood as dismissing Singh's motion as untimely. The sanctions were ordered to be paid by July 15, 1996.

July 15, 1996 arrived. The sanctions had not been paid. On July 16, 1996, the magistrate recommended dismissal of Treanor's complaint with prejudice. On July 17, 1996 Treanor appealed the magistrate's order of June 28, 1996. On July 19, Singh also appealed the same order. On July 19, 1996, MCI's motion for summary judgment was argued in the district court. The trial, originally scheduled to begin in August 1996, was put off by the district court because of its congested calendar.

On March 31, 1997 the district court acted on the magistrate's recommendation of July 16, 1996. The district court ruled that Singh's and Treanor's appeals of the magistrate's order of June 28, 1996 assessing $4,000 in sanctions against them had been "untimely" and that accordingly that order was "affirmed in all respects." In addition, "based upon a de novo review of the file, record, and proceedings herein," the court adopted the magistrate's recommendation of July 16, 1996. Treanor's complaint was dismissed with prejudice. On September 17, 1997 the district court adopted the magistrate's recommendation that Treanor pay MCI $8,327.50 for attorney's fees and $3,100.83 for costs.

Treanor appeals the $4,000 sanction, the award of attorney's fees, and the dismissal of her suit. Singh appeals the $4,000 sanction.

## ANALYSIS

The record reveals a strangely dilatory approach to litigation by the plaintiff and her original counsel. We address, however, only whether the district court had a basis for the decision on appeal. The magistrate judge recommended dismissal of Treanor's case for her failure to comply with his order of June 28, 1996. The district court offered no other reason for accepting the recommendation and ordering the dismissal. In so doing the district court was in error.

The order of June 28, 1996 was mailed to the parties on July 1, 1996. Service was complete on mailing. Fed. R. Civ. P. 5(b). The day of mailing does not count in computing the time to respond, and weekends and holidays are excluded. Fed. R. Civ. P. 6(a). As service is by mail, "3 days shall be added to the prescribed period." Fed. R. Civ. P. 6(e). Excluding July 4 and the weekend dates of July 6-7 and July 13-14, the last day for an appeal was July 19. Treanor, appealing on July 17, was well within the time period. Singh qualified by filing on July 19. With these appeals outstanding, the magistrate could not treat noncompliance with his June 28, 1996 as warranting a sanction, nor could the district court properly endorse the magistrate's conclusion. Nothing had changed since the magistrate had decided on April 16, 1996 that dismissal at that time was "too drastic."

We note that a different way of applying the Federal Rules of Civil Procedures would lead to a different result. If Rule 6(e) is applied first, the time to respond is increased from 10 to 13 days, but because the time to respond is then more than 10 days, holidays and weekends are counted. We reject this approach because "[t]he only way to carry out Rule 6(e)'s function of adding time to compensate for delays in mail delivery is to employ Rule 6(a) first." Lerro v. Quaker Oats Co., 84 F.3d 239, 242 (7th

Cir. 1996); see also CPNq-Conselho Nacional De Desenvolvimento Cientifico e Technologico v. Inter-Trade, Inc., 50 F.3d 56, 58 (D.C. Cir. 1995); Tushner v. United States District Court for the Central District of California, 829 F.2d 853, 855 (9th Cir. 1987).

MCI argues that the only ruling subjecting Singh to sanctions was the magistrate's order of April 16, 1996 and that Singh failed to timely appeal that order. Under the local rules, Singh had 10 days to appeal this order. D. Minn. L.R. 72.1(b)(2). The magistrate in his order of June 28, 1996 treated Singh's appeal as untimely. Again, the ruling was erroneous, for two reasons. First, the service of the April 16 order was by FAX, for which the local rules did not provide. Second, Singh was served on April 19 (an excludable day). April 20-21 and April 27-28 were weekends. Singh appealed on May 2. May 3 was Day 10. Having timely appealed both the magistrate's order of April 16, 1996 and the district court's order of March 31, 1997, Singh's appeal of the $4,000 sanction is properly before us, and MCI's motion to dismiss it is denied.

On remand, the district court must consider the timely filed appeals of Treanor and Singh of the $4,000 sanction assessed against them. To a substantial degree, the magistrate based the assessment of attorney's fees against Treanor on the untimeliness of her appeals and her failure to pay the $4,000 sanction. Since we conclude that her appeals were timely and her failure to pay the sanctions while the issue of their validity was on appeal was justified, this award cannot be affirmed on this appeal.

For the foregoing reasons, the judgments of the district court are **REVERSED** and the cases **REMANDED** for proceedings consistent with this opinion.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

I disagree with the court's decision. In the first place, the magistrate judge in his order of 28 June does not hold that Ms. Treanor's "appeals" were untimely. (Such a determination is not for the magistrate judge in any case; it is for the district court to whom the appeal was made.) What the magistrate judge said was that he would consider the motion to reconsider on its merits, even though that motion was untimely because it came after the time to pay the sanctions had expired.

I also disagree with the court's statement that when the magistrate judge made his recommendation on 15 July, 1996, "[n]othing had changed since the magistrate had decided on April 16, 1996 that dismissal at that time was 'too drastic'." On the contrary, the appellants had failed to pay the sanctions that the magistrate judge had ordered, after the magistrate judge had allowed the case to continue only on the specific condition that those sanctions be paid.

More basically, I dissent from the court's conclusion that the district court gave no reason for rejecting the appeal of the order of 28 June other than the untimeliness of the appeals. I think that a fair reading of the district court's order indicates that the district court made a completely "de novo review of the file, record and proceedings herein," including all the relevant materials that bore on the magistrate judge's decision of 28 June, in accepting the magistrate judge's final recommendation.

That being the case, I would reach the question of the appropriateness of the sanctions imposed, and would affirm the district court since we are obliged to be "very deferential" in reviewing sanctions for discovery abuses. Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 280 (8th Cir. 1995), cert. denied, 516 U.S. 822 (1995). Here, the magistrate judge and district court exhibited exemplary patience in dealing with the plaintiff and her counsel.

8

Because of today's decision, this perfectly ordinary case now enters its fourth year without even passing beyond discovery. The record is already huge, with 250 pages of briefs and motions filed in the appeal alone. To allow these proceedings to continue on this record cooperates in an abuse of the legal system of a kind that is all too common, and I therefore respectfully dissent from the court's judgment.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.