**Richard L. STOUT, Plaintiff,**

v.

**ILLINOIS FARMERS INSURANCE, CO., Defendant.**

**No. NA 92–16 C.**

United States District Court, S.D. Indiana, New Albany Division.

March 24, 1994.

---

James C. Tucker, Tucker & Tucker, Paoli, IN, Barry N. Bitzegaio, Lorch & Naville, New Albany, IN, for plaintiff.

John S. Beeman, Jeffrey R. Oberlies, Harrison & Moberly, Indianapolis, IN, for defendant.

## MEMORANDUM ENTRY

BARKER, Chief Judge.

This matter is before the Court on defendant's objection to the Magistrate Judge's entry on plaintiff's motion to compel and defendant's motion for protective order. For the reasons stated below, we affirm the Magistrate Judge's order.

The relevant entry of the Magistrate Judge is published at *Stout v. Illinois Farmers Insurance Co.,* 150 F.R.D. 594 (S.D.Ind. 1993). The pertinent facts and case history

are set forth in the Magistrate Judge's entry (the "Entry").

## I. Punitive Damages Claim

■ There was some confusion as of the time of the Entry as to: 1) whether plaintiff had dropped his punitive damages claim that defendant acted in bad faith in refusing to pay on the insurance contract; 2) whether defendant had made any objections to the production of documents on relevancy grounds; and, 3) whether Indiana continued to recognize a cause of action for punitive damages for an insurer's bad faith refusal to pay on an insurance contract. *Stout,* 150 F.R.D. at 596.

Indiana does continue to recognize a "cause of action for the tortious breach of an insurer's duty to deal with its insured in good faith." *Erie Insurance Co. v. Hickman,* 622 N.E.2d 515, 519 (Ind.1993). Plaintiff has never withdrawn his punitive damages claim. Therefore, whether defendant dealt with plaintiff in good faith is indeed relevant and the documents requested by plaintiff are clearly relevant to the bad faith failure to pay claim in his complaint. Accordingly, defendant's objections as to relevance of the ordered discovery are without merit.

## II. Work–Product Immunity

■ Defendant has objected to the Magistrate Judge's application of the work product immunity doctrine, arguing that it is clearly erroneous or contrary to the law. In order for a document to fall within work product immunity it must pass the "primary motivating purpose" test:

> While litigation need not be imminent, [in order to invoke the protection of the work product privilege] the *primary motivating purpose* behind the creation of a document or investigative report *must be to aid in possible future litigation.*

*Binks Manufacturing Co. v. Nat'l Presto Industries, Inc.,* 709 F.2d 1109, 1119 (7th Cir.1983) (quoting *Janicker v. George Washington University,* 94 F.R.D. 648, 650 (D.D.C.1982)) (emphasis added). To the extent a document is not created primarily to aid in possible future litigation, it is correctly excluded from the protection of the work product privilege.

■ The standard adopted in the Entry is the "sufficient purpose" test: a document which was produced for litigation and non-litigation purposes is *not* accorded work product immunity if it would have been created or produced for the non-litigation purpose regardless of the litigation purpose. This test overlaps with the "primary motivating purpose" test in that if a document would have been produced in any event for the non-litigation purpose, then it is doubtful that the litigation purpose was the primary motivating purpose in the creation or production of the document.

■ Defendant argues that by applying the sufficient purpose test (rather than the primary motivating purpose test) the Magistrate Judge has departed from Seventh Circuit precedent, setting up a framework whereby "even a document that is created for the sole purpose of anticipated litigation which is later also used to assist in the evaluation or investigation of a claim is no longer protected work product." Defendant's Memorandum at 10 (citing Entry at 6–7). Defendant further argues that the sufficient purpose test will effectively remove documents from the scope of work-product privilege if the documents have any secondary purpose or use at all:

> Under the Magistrate Judge's formula, virtually no investigative documents—regardless of their purposes, the facts of the case, or the parties involved—are protected from discovery if they are actually used for any other non-litigation purpose.

Defendant's Memorandum at 11.

■ This is not a fair reading of the "sufficient purpose" standard as applied in the Entry. If a document is produced for litigation purposes and the information is later incidentally used for a non-litigation purpose (e.g., statistics) nothing about the purpose behind the creation of the document or the likelihood of whether this document would have otherwise been created has changed and the document will likely maintain its privilege. However, where a document is initially created with a dual purpose and the

litigation purpose is not primary,[1] then that document will not be privileged under either test.

 Neither the "primary motivating purpose" test nor the "sufficient purpose test" create a bright line rule for the invocation of work product privilege. Any bright line rule would only encourage parties to manipulate the privilege. For instance, if the work product privilege were to be automatically invoked at the time an attorney was retained, insurers could simply retain an attorney with respect to every possible instance of arson and effectively cloak many investigations which resulted in a determination of non-coverage.

 What the "primary motivating purpose" test does mandate is a case specific burden of proof for every party resisting discovery. At the very least, an insurer must show a critical factor that made it anticipate litigation (e.g., a threat of litigation) *and* offer specific facts demonstrating that the critical factor did indeed make the insurer deal with the insured in a different way. That is, the focus must be the actual purpose for which a document was created.[2]

The Entry demonstrates that the determinations as to work product privilege were made based upon the purposes for which the documents were created. This approach is consistent with Seventh Circuit precedent. Accordingly, the Magistrate Judge's determinations with respect to work product privilege are accepted.

### III. Attorney–Client Privilege

 Defendant objects to the Entry's attorney-client privilege rulings, but merely restates the arguments in its original brief on the motions without any case law to support its objections. Defendant contends that the documents for which it has claimed attorney-client privilege are either "communications between counsel and claim representatives and supervisors" or "communications between [defendant's] representatives regarding … advice of counsel." This is simply not the case.

Defendant is attempting to persuade the Court to extend the attorney-client privilege to encompass all documents on all matters which were the subject of counsel's advice, regardless of whether the documents were intended to transmit that advice to the client or transmit information from the client to the counsel to obtain legal advice. Defendant contends that because counsel was hired to provide advice on the legal requirements for making a good faith decision on plaintiff's claim, all documents, reports, and tangible things produced by its hired investigators or its own claims adjusters to evaluate plaintiff's claims are privileged. Not surprisingly, defendant has not cited in either of its briefs any case law supporting such a broad interpretation of the privilege. Accordingly, the Magistrate Judge's determinations with regard to attorney-client privilege are accepted.

### IV. Conclusion

For the reasons stated above, the defendant's objections to the Magistrate Judge's entry on plaintiff's motion to compel and defendant's motion for protective order are denied.

It is so ORDERED.

---

**1.** This could possibly be evidenced by the fact that the document would have been produced for the non-litigation purpose regardless of the litigation purpose.

**2.** To the extent the Entry indicated in footnote 19 that the eventual non-litigation use of a document may negate its work product purpose, the Entry reached beyond Seventh Circuit precedent. However, footnote 19 appears to be pure dicta. Elsewhere in the Entry the focus is entirely on the documents' purposes for creation. Therefore, the reasoning in footnote 19 is harmless error which does not defeat the outcome of the Entry.