### Richard L. STOUT, Plaintiff,

v.

### ILLINOIS FARMERS INSURANCE CO., Defendant.

### No. NA 92–16 C.

United States District Court,
S.D. Indiana,
New Albany Division.

July 12, 1994.

Barry N. Bitzegaio, Michael Wm. Warren, Lorch & Naville, New Albany, IN, for plaintiff.

John S. Beeman, Jeffrey R. Oberlies, Harrison & Moberly, Indianapolis, IN, James C. Tucker, Tucker & Tucker, Paoli, IN, for defendant.

BARKER, Chief Judge.

This matter is before the Court on defendant's motion to certify for interlocutory appeal and for stay of proceedings. For the reasons stated below, defendant's motion is denied.

■ This is a breach of contract action in which plaintiff alleges that defendant wrongfully and in bad faith refused to pay his fire loss claim under the terms of his homeowners insurance policy. The parties have been engaged in a discovery dispute for over a year concerning documents which plaintiff has requested that defendant produce, but which defendant has refused to produce, arguing that the pertinent documents are protected by attorney-client privilege or work-product immunity. The magistrate judge assigned to this case found many of the documents in question to be discoverable and ordered them to be produced to plaintiff; this Court affirmed the magistrate judge's decision. *Stout v. Illinois Farmers Insurance Co.*, 150 F.R.D. 594 (S.D.Ind. 1993), *aff'd*, 852 F.Supp. 704 (S.D.Ind.1994).[1] Still the discovery dispute continues. Now defendant requests that the decisions made by the magistrate judge and this Court be certified for interlocutory appeal under 28 U.S.C. § 1292(b).

■ An appeal under § 1292(b) is properly certified by a district court where: (1) the issue certified for appeal involves a "controlling question of law"; (2) there is "substantial ground for a difference of opinion" as to the application of the question of law; and (3) the immediate appeal of the issue "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b);[2] *Hor-*

---

1. The pertinent facts, case history, and legal reasoning are set forth in these two decisions and will not be repeated here.

2. 28 U.S.C. § 1292(b) provides, in pertinent part, as follows:

 When a district judge, in making in a civil action an order not otherwise appealable un-

 der this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in such order.

*witz v. Alloy Automotive Co.,* 957 F.2d 1431, 1433 (7th Cir.1992). It is permissible in the Seventh Circuit for a district court to certify an issue for appeal, at the request of one of the parties, a reasonable amount of time after the court has entered an order on that particular issue. *See Weir v. Propst,* 915 F.2d 283, 286 (7th Cir.1990). The Seventh Circuit is not hostile to appropriate interlocutory appeals under the applicable rules. *Horwitz,* 957 F.2d at 1433.

Defendant does not specify any particular issues to be certified; rather, defendant requests that both of the prior rulings, in their entirety, be certified for interlocutory appeal. Defendant claims that the previous rulings involve a controlling question of law because:

> [t]hese discovery disputes involve core issues of a party's right to protect its privileged documents, conversations and trial strategies, and the disclosure of this information will fundamentally and irreparably affect the Defendant's trial preparation and position in this case, as well as future causes of action in a wide spectrum of cases.

Defendant's motion for interlocutory appeal and for stay of proceedings ("defendant's motion") at 3. Defendant also claims that an immediate appeal may materially advance the ultimate termination of the litigation because:

> [defendant] intends to appeal the Court's ruling either through section 1292(b) or through other avenues of appeal because these issues are so fundamental and significant to [defendant's investigation of and preparation for trial of matters involving fraudulent claims. An immediate appeal would allow the Seventh Circuit an opportunity to address these contested issues in a posture that would allow the Court of Appeals to squarely address the scope of the discoverability of work product and attorney-client privileged documents. A clear directive from the Seventh Circuit would certainly expedite future litigation by avoiding protracted discovery battles....

*Id.* at 3–4. Defendant also argues that there is a substantial ground for difference of opinion from the manner in which the magistrate judge and this Court have construed the work-product doctrine and attorney-client privilege in the instant case.

■ Defendant's arguments that the instant case warrants a § 1292(b) certification are simply incorrect; the discovery issues in the instant case do not present a controlling issue of law and appeal of them will not materially advance the ultimate termination of the litigation. A controlling question of law is a threshold issue which seriously affects the way that the court conducts the litigation (e.g., impacting whether or not the plaintiff has a cause of action under a particular statute). *See Johnson v. Burken,* 930 F.2d 1202, 1206 (7th Cir.1991). The issue of the documents to which plaintiff will have access in building his case is not a controlling question of law. Granted, it will impact the way that the case is tried, but not in a fundamental way. Similarly, defendant's prediction (or threat) that it intends to appeal the discovery rulings one way or another does not equate to proof that an immediate appeal may materially advance the ultimate termination of the litigation. At most, defendant is stating that an already protracted litigation will continue in that fashion, regardless of whether a § 1292(b) appeal takes place or not.[3] Defendant offers no reasons why a § 1292(b) appeal would materially economize judicial or party resources.

■ Discovery orders in the instant case, as in most cases, are substantially collateral to the substantive legal issues of the case:

> [o]rdinarily it is difficult to believe that a discovery order will present a controlling question of law or that an immediate appeal will materially advance the termination of the litigation.

8 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2006 at 31 (1970 & Supp.1994); *see Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108 (3rd Cir.1986), *cert. denied,* 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987). The fact that current practices of discovery are sometimes burdensome and

---

**3.** Significantly, defendant's arguments about the effect that an immediate appeal would have on other litigation have no impact on a § 1292(b) analysis.

painful, often forcing parties to reveal facts or circumstances they would rather not, is no justification to allow discovery orders to be prematurely appealed; this is especially true where, as in the instant case, the result of the appeal will not in any measurable way affect the law that is applied to the substantive issues of the case or materially advance the ultimate termination of the litigation. *See Reise v. Bd. of Regents of Univ. of Wis. Sys.*, 957 F.2d 293 (7th Cir.1992) ("[t]he travail and expense of discovery and trial cannot be reversed at the end of the case, yet this has never been thought sufficient to allow pre-trial appeals [of discovery orders]").[4] Therefore, defendant's motion is denied.

It is so ORDERED.

---

**4.** Judge Posner touched upon these concerns when he wrote for the plurality in *Marrese v. Am. Academy Orthopaedic Surgeons*, 726 F.2d 1150, 1158 (7th Cir.1984) (plurality opinion) (en banc), *rev'd on other grounds*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985):

> Although ... discovery orders may impose heavy and irrecoverable costs on a party, to make every such order appealable as of right would lead to unacceptable delays in litigation. Confining the right to get appellate review of discovery orders to cases where the party against whom the order was directed cared enough to incur a sanction for contempt is a crude but serviceable method, well established in the case law, of identifying the most burdensome discovery orders and in effect waiving the finality requirement for them.

Although *Marrese* does not involve a § 1292(b) appeal, Judge Posner's reasoning is still informative; if this Court found defendant's appeal in the instant case to be worthy of certification, there would follow a wave of litigants all demanding appellate review of similar discovery orders.