**Bernd NICKLASCH and Sally Nicklasch, Plaintiffs,**

v.

**JLG INDUSTRIES, INC.; Wiese Equipment Rental; and Tri–State Machining, Defendants.**

**No. IP 98–1090–C–D/F.**

United States District Court, S.D. Indiana, Indianapolis Division.

Dec. 20, 1999.

James R. Fisher, Ice Miller Donadio & Ryan, Indianapolis, IN, for plaintiffs.

Lawrence M. Hansen, Kopka Landau & Pinkus, Indianapolis, IN, George E. Purdy, Bose, McKinney, & Evans, Indianapolis, IN, Kevin C. Schiferl, Locke, Reynolds, Boyd, & Weisell, Indianapolis, IN, for defendants.

### ENTRY AND ORDER

on discovery of incident reports submitted for *in camera* inspection, and JLG's Objections to Production and Motion for Protective Order (doc. no. 103).

FOSTER, United States Magistrate Judge.

The plaintiffs' and JLG's briefs have been submitted pursuant to my Order of December 2, 1999 (doc. no. 101) regarding the seven incident reports of prior failures submitted for *in camera* inspection. JLG objects to production of the reports on the grounds that they are irrelevant and that portions of the reports are protected by the work product qualified privilege.

JLG argues that the incident reports were prepared in anticipation of litigation and are therefore work product because the reports are the result of (1) JLG's receipt of notice of

an accident, (2) where it is apparent that a claim may be made against JLG for the accident, and (3) JLG's in-house counsel directed that the investigation take place. (JLG's Objection to Production and Motion for Protective Order ("Objection") (doc. no. 103), p. 3). In support, JLG submitted the affidavit of its Associate General Counsel, wherein he avers:

> 4. The Incident Files were created as a result of JLG's receiving notice that an accide[nt] occurred respecting one of its products and that a claim may be made against JLG for the accide[nt.]
>
> 5. Because of the prospect of litigation, in-house counsel directed JLG personnel [to] undertake an investigation of each of the accidents contained in the Incident Files.

Hulton Affidavit, p. 1 (Objection, Exhibit A). Obviously, receiving notice of an accident is a given and therefore irrelevant in the analysis. The critical factors are (1) the possibility of a claim against JLG and (2) the instigation of counsel. JLG submitted the following seven incident reports for *in camera* review:

1. **110HX (lift model), 0300014983 (lift serial number), Hillard/Flythe (injured or affected parties), 06/25/94 (date of incident).**

 Notice of incident received by JLG on: [not given]. Investigation date: 7/11/94. Report date: 7/12/94.

2. **110F, 0308107349, Woolard/Medrano, 4/2/96.**

 Notice received: 4/3/96. Investigation date: 4/4/96. Report date: 4/8/96.

3. **120HX, 0300025611, Bowles, 9/22/96.**

 Notice received: 9/23/96. Investigation date: 10/1/96. Report date: 9–26–96.[1]

4. **120HX, 0300020224, Marthaler/Anderson, 4/28/97.**

 Notice received: 4/28/97. Investigation date: 4/30/97. Report date: 5/5/97.

5. **110HX, 0300025327, Finning Ltd., 5/31/98.**

 Notice received: 6/5/98. Investigation date: [not given]. Report date: 6/5/98.

6. **120HX, 0300025221, Turner/Strove, 9/29/98.**

 Notice received: 9/30/98. Investigation date: 10/1/98. Report date: 10/7/98.

7. **120HX, 0300026041, Falconite, 6/29/99.**

 Notice received: 6/29/99. Investigation date: [not given]. Report date: 7/6/99.

There is consensus in the case law that the mere possibility of litigation is insufficient to warrant a reasonable anticipation of litigation. *See, Stout v. Illinois Farmers Insurance Co.,* 150 F.R.D. 594 (S.D.Ind. 1993), *order affirmed,* 852 F.Supp. 704 (S.D.Ind.1994); *Harper v. Auto-Owners Insurance Co.,* 138 F.R.D. 655 (S.D.Ind.1991). In each of the incident reports submitted, an investigation was commenced only a few days—sometimes the next day—after an accident was reported to JLG. The incident reports include no indication of an evaluation of the likelihood of litigation from the accident reported. Because contract or tort litigation can be literally "anticipated" as a result of any accident or product failure, a more concrete and proximate expectation of litigation is required. *Id.* JLG did not explain or show its criteria for anticipating litigation, why litigation was anticipated regarding these seven incidents, or whether any similar incidents were reported which were not investigated because litigation was not anticipated. In this context, it appears that JLG investigated the reported incidents as a matter of course in order to determine the causes of the accidents and possible corrections for the purposes of quality assurance and customer service. These purposes are independently sufficient to motivate JLG's preparation of the incident reports even if litigation was not reasonably anticipated. Investigations that would have been undertaken for business reasons regardless of litigation purposes do not qualify for work product protection.[2]

---

1. The Report date is inconsistent with the Investigation date.

2. There is not a consensus on whether, and, if so, to what extent, the work product qualified privilege protects documents prepared in anticipation of litigation other than the litigation in which the

There is also consensus in the case law that the involvement of an attorney is not enough to convey work product status. JLG contends that the reports were prepared at the direction of in-house counsel. However, JLG gave no indication of the criteria counsel employs to determine when to order investigations of reported incidents or if any incidents are reported that counsel directed no investigation to be undertaken. If counsel order investigations based on whether litigation is anticipated, the analysis is the same as above. Except for a few documents pertaining to releases, the incident files show little, if any, involvement of counsel in the investigations themselves, and no evidence of counsel's instigation of the investigations.

I conclude, therefore, that JLG has failed in its burden to establish that the incident reports are work product.[3]

■ JLG argues that the incident reports are not relevant to—or, more precisely, that the plaintiffs have failed to show their relevance to—the issues in this Cause. The lift model that allegedly failed and injured the plaintiffs was a Model 110HX. Plaintiffs' Contentions (doc. no. 60), ¶ 3. The plaintiffs claim that the lift was in a defective conditions which made it unreasonably dangerous and caused the collapse of the boom extensions. Amended Complaint for Damages ("Complaint") (doc. no. 44), ¶ 8. The plaintiffs allege that the collapse of the lift booms was caused by fracture of the anchor bolt, a threaded rod that is part of the chain adjustment assembly and that anchors the chains supporting the boom extensions. Complaint, ¶ 14; Plaintiffs' Contentions, ¶ 9. The plaintiffs contend that JLG is at fault for failing to warn of the risk of fatigue fracture of the bolt, failing to warn of the need to periodically replace the bolt, failing to design the lift to avoid or minimize the risk of failure, failing to incorporate redundant retraction support systems, and failing to incorporate reason-

able alternative designs. Plaintiffs Contentions, ¶ 11(b)—(e). Although only two of the seven incident reports involve a Model 110HX, alleged bolt failures resulting in sudden retraction is common to all seven incidents and JLG has not asserted or shown that differences in model type distinguish the bolt failures in other models from the Model 110HX. The similarities in failures, the notice to JLG of the failures, the findings of their investigations—all of these aspects of the reports, and more, make the reports obviously relevant to the plaintiffs' case.

I conclude that the seven incident reports listed above are relevant to this action and are not protected by the work product privilege. JLG is ordered to produce the reports to the plaintiffs no later than seven days from receipt of mail service of this Entry and Order (as calculated according to Fed. R.Civ.P. 6 and *Epperly v. Lehmann,* 161 F.R.D. 72 (S.D.Ind.1994)).

■ JLG requested that the Court limit production of the reports to only the parties to this action and only under a protective order because,

the Incident Files contain partial information, including information on causation in several of the accidents. If the information contained in the Incident Files is released to any of the parties without a protective order, the public may access and misinterpret the documents therein, which could spur unwarranted litigation and public exposure to JLG.

(Objection, p. 5). JLG also submitted a proposed protective order. The plaintiffs oppose the requirement of a protective order, preferring instead a simple order of the Court that the plaintiffs use the incident reports only for the purpose of this litigation. Every protective order requires a showing and finding of good cause under Fed.R.Civ.P. 26(c). *Citizens First National Bank of*

---

documents are sought. If work product protection protects only documents prepared for the instant suit, then none of the incident reports are protected.

**3.** In my review of the incident files, I noticed one document which qualifies as work product. In file "110F, 0308107349, Wollard/Medrano, 04/02/96", the "Interoffice Memo" dated May 7,

1996 from T.D. Singer (Vice President and General Counsel) to the File summarizing facts of a pending lawsuit need not be produced. For the purpose of this memo, I will assume that the work product rule protects documents prepared in anticipation of other litigation if similar to the instant litigation.

*Princeton v. Cincinnati Insurance Co.,* 178 F.3d 943 (7th Cir.1999). The Court of Appeals for the Seventh Circuit has declared that there is a presumption of public access to discovery materials:

> We are mindful of the school of thought that blanket protective orders ("umbrella orders"), entered by stipulation of the parties without judicial review and allowing each litigant to seal all documents that it produces in pretrial discovery, are unproblematic aids to the expeditious processing of complex commercial litigation because there is no tradition of public access to discovery materials. The weight of authority, however, is to the contrary. Most cases endorse a presumption of public access to discovery materials and therefore require the district court to make a determination of good cause before he may enter the order.

*Id.,* at pp. 945–46 (citations omitted). A district court must make a determination of good cause before approving and issuing a protective order pursuant to Rule 26(c). JLG does not argue trade secrets, confidential strategic business information, or invasion of any person's privacy. Instead, the company fears possible embarrassment ("public exposure") and groundless litigation as a result of misinterpretation by the public of the partial information and causation information in the incident reports. The law provides sufficient means to control and sanction groundless litigation and the courts should not attempt to determine when information in discovery is "complete" or "partial" or likely to be misinterpreted. If JLG fears possible misinterpretation of partial information, it can release complete information and its interpretation of the data. I find no good cause for protecting the incident reports under Rule 26(c). The plaintiffs assert that they have no intention of using the discovery for any purpose other than this litigation and would prefer a "simple order to that effect" in this Entry and Order rather than the administrative burdens and court involvement included in the multi-page protective order proposed by JLG. (Reply, p. 7). As stated, the Court will not enter such an order. Whether the parties may enter into an enforceable private agreement restricting access to the incident reports is not clearly answered by the Court of Appeals in *Citizens First National Bank.* What is clear is that the JLG cannot refuse to produce the incident reports without such an agreement and that such an agreement cannot restrict access to the incident reports if they are filed in court (*e.g.,* attached to a motion) or introduced at trial or a hearing.

JLG's motion for a protective order is denied. JLG shall produce the incident reports as set forth herein.