reasonableness of the EEOC's·claimed expenses.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
Plaintiff,

v.

**TruGREEN LIMITED PARTNERSHIP,**
d/b/a TruGreen–Chemlawn,
Defendant.

No. 98–C–0164–C.

United States District Court,
W.D. Wisconsin.

Dec. 29, 1998.

Henry Hamilton III, Equal Employment Opportunity Comm., Milwaukee WI, for plaintiff.

Kelly S. Gooch, Lewis Fisher Henderson & Claxton, Memphis TN, for defendant.

ORDER

CRABB, District Judge.

Pursuant to Fed.R.Civ.P. 72(a) and 28 U.S.C. § 636(A), defendant TruGreen Limited Partnership has filed objections to the November 17 and December 1, 1998 decisions of the United States Magistrate Judge granting plaintiff Equal Employment Opportunity Commission's motion for a protective order quashing a request for admissions filed by defendant and awarding plaintiff attorney fees on the protective order. I conclude that the objections do not establish that either of the magistrate judge's decisions is contrary to law or clearly erroneous, but in the inter-

est of justice, I will vacate his decision on the amount of the fee award to plaintiff, because he was never made aware of defendant's request for an extension of time in which to file objections to the amount of the award.

In addition to its objections, defendant has filed a motion for leave to file a reply to plaintiff's response to defendant's objections. I will consider the reply brief. Plaintiff is not prejudiced by this decision, because the arguments in the reply brief add nothing to the merits, or lack of merits of the original objections.

A threshold matter must be considered. Plaintiff argues that defendant's objections are untimely because they were not filed within ten days of the date of entry of the magistrate judge's order. Rule 72(a) gives a party ten days "after being served with a copy of the magistrate judge's order," in which to file and serve objections. The magistrate judge's order was "served" by mail; therefore, pursuant to Fed.R.Civ.P. 6(e), three days are added to the prescribed ten-day period. Service on defendant would have occurred on November 20, 1998, three days after the entry and mailing of the order on November 17. Ten business days from November 20 is December 7. ("When the period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays, and legal holidays [such as Thanksgiving] shall be excluded in the computation." Fed.R.Civ.P. 6(a)). Defendant filed its objections on December 4, 1998, with one day to spare. Its objections were timely.

■ Timely, but totally without merit. With only two working days left in 1998, I can say safely that these are the most frivolous objections of the year. For all the reasons explained at length in the magistrate judge's order, defendant has failed to show any legitimate reason for the information it is seeking. (Defendant wants the EEOC's lawyer to admit such things as that he said that this lawsuit attempts to expand the law in the area of sexual harassment, that he said the suit is precedent-setting and that he said that the EEOC is alleging in the lawsuit that an employee of defendant discriminated against the complainant because of his sex by making lewd comments about his wife.) It is irrelevant that the EEOC's lawyer made comments to the press about the precedent-setting nature of the lawsuit. It is self-evident that the suit advances a novel claim. And it hardly needs an admission of counsel to determine what plaintiff has alleged in the lawsuit.

The vacuity of defendant's objections is underscored by the arguments in its brief. For example, it asserts that it is seeking confirmation that plaintiff admitted it has brought a lawsuit for sexual harassment based on allegations that it knows do not rise to the level [of] sexual harassment under the law. Dft.'s Brief at 5. That is a misstatement. According to the newspaper (and to the requests for admission), plaintiff said that the lawsuit was an attempt to expand the law of sexual harassment. Defendant argues that if plaintiff's regional attorney implied that this case does not fall "within the parameters of 'sexual harassment' under the law, those statements would be directly relevant to showing that [defendant's] employee did not 'sexually harass' [the complainant].... Thus, what [plaintiff's] Regional Attorney said to the *Wisconsin State Journal* sheds a great deal of light on whether [defendant] did or did not sexually harass [the complainant]." Dft.'s Br. at 7. What plaintiff's Regional Attorney thinks about this case has no bearing on its merits and sheds no light whatsoever on the issue of sexual harassment. That issue will be decided on the basis of the undisputed facts, the arguments of counsel and relevant legal precedent, just as in every other case. Counsel's opinions about the merits of their cases play no role in the decision.

What defendant wants to prove is that the EEOC knew not just that its claim was novel, but that it had no arguable basis in law or fact for advancing the claim. Nothing that appeared in the newspaper supports the latter proposition. If, however, the suit is as lacking in foundation as defendant contends it is, the proof will be in the summary judgment pudding. Seeking confirmation of out-of-court statements about the novelty of the claim is a waste of everyone's time. Defendant characterizes the discovery as necessary because it would tend to lead to admissible

evidence but does not explain the basis for this dubious proposition. If defendant believes that plaintiff is pursuing a claim it knows has no legal or factual basis, it can ask plaintiff questions to that effect directly. Defendant does not need confirmation that certain statements were made in a newspaper interview to lead it to such information.

■ As to defendant's argument that the magistrate judge erred in addressing plaintiff's motion for a protective order because the motion was filed late, I am persuaded that the magistrate judge acted within his discretion in holding that the EEOC's late filing was the result of a reasonable misinterpretation of the rules for calculating the time period. It was not contrary to law for the magistrate judge to act sua sponte and grant plaintiff an extra day for filing its motion. Fed.R.Civ.P. 36(a) prescribes thirty days as the time for answering requests for admissions, "or within such shorter or longer time as the court may allow."

■ Defendant's last argument concerns the magistrate judge's attorney fee award. Defendant objects to the magistrate judge's disregard of its letter asking him to delay any decision on an attorney fee award until after the district court had reviewed the objections defendant intended to file. Attached to defendant's objections is what purports to be a copy of a letter sent to the magistrate judge on November 23, 1998 by Federal Express that should have arrived in the court on November 24, 1998, the last day on which defendant could object to the fees sought by plaintiff.

I have no reason to doubt that defendant's counsel sent such a letter but there is no evidence in the file or on the docket sheet that it was ever received. In the interest of fairness, I will vacate the magistrate judge's determination of the fee award, which rested in large part on the lack of any objection by defendant to the fees sought by plaintiff. I will set a new schedule, which will allow plaintiff to supplement its fee request with an itemization of the fees incurred in defending against defendant's objections to the magistrate judge's decision and give defendant an opportunity to be heard on the total fee request.

Plaintiff Equal Employment Opportunity Commission filed this Title VII action on behalf of Peter J. Potaczek, a former employee of defendant TruGreen Limited Partnership, alleging that defendant allowed its supervisors to subject Potaczek to unwelcome sexual harassment by repeatedly making lewd suggestions and obscene statements about Potaczek's wife. Shortly after the lawsuit was filed, a Madison newspaper published an article in which it reported comments made by EEOC Regional Attorney Reuben Daniels regarding the lawsuit. As part of its discovery in this case, TruGreen is now asking the EEOC to admit that Daniels in fact made the comments reported in the article. Before the court is the EEOC's motion for a protective order in which it asks this court to quash TruGreen's requests for admissions. For the reasons set forth below, the EEOC's request to quash will be granted.

### Background

In March 1998 the *Wisconsin State Journal* published an article about this lawsuit. The article noted that the suit was filed on the heels of a United States Supreme Court decision banning same-sex sexual harassment.[1] It continued:

> EEOC lawyer Reuben Daniels said the lawsuit takes the decision a step further in claiming an employee can be sexually harassed by statements made about the employee's spouse ... Daniels said the EEOC is pursuing the case, rather than have Potaczek hire a lawyer, because of its precedent-setting nature.

> "We are pleased to be among the first in the country to file this type of action challenging a supervisor's behavior toward an employee's spouse," Daniels said.

On September 11, 1998, TruGreen served a request for admissions upon the EEOC, requesting that the commission:

> 1. Admit that EEOC Regional Attorney Reuben Daniels made comments to a

---

1. Although the article did not cite the decision, it was referring to *Oncale v. Sundowner Offshore* *Services, Inc.,* 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998).

reporter for the *Wisconsin State Journal* regarding this lawsuit.

2. Admit that Mr. Daniels informed the reporter for the *Wisconsin State Journal* that:

    a. This lawsuit attempts to expand the law in the area of sexual harassment;

    b. This lawsuit takes the decision of the U.S. Supreme Court banning same-sex sexual harassment a step further by claiming that an employee can be sexually harassed by statements made about the employee's spouse; and

    c. The EEOC is pursuing this case rather than having Peter J. Potaczek, the Charging Party, hire a lawyer because of the precedent-setting nature of the claims.

3. Admit that Daniels said to the reporter for the *Wisconsin State Journal:* "We are pleased to be among the first in the country to field this type of action challenging a supervisor's behavior toward an employee's spouse."

4. Admit that the EEOC alleges in this lawsuit that an employee of Defendant discriminated against Peter J. Potaczek because of his sex by making lewd comments about Potaczek's wife.

5. Admit that Exhibit A is a copy of the *Wisconsin State Journal* article containing some of Daniel's comments to the reporter about this lawsuit.

6. Admit that representatives of the EEOC have given comments to media representatives other than those from the *Wisconsin State Journal* about this lawsuit and/or the EEOC charge filed by Peter J. Potaczek.

On October 15, 1998, the EEOC filed a motion for a protective order asking this court to quash the requests for admission. The court set a briefing schedule, and I heard from the parties on this dispute during a November 5, 1998 telephonic hearing called to address several pending issues.

## Analysis

### 1. The Timeliness of the Motion

In opposition to the EEOC's motion for protective order, TruGreen contends first that the EEOC failed to respond to the requests for admission within the time period prescribed by Federal Rule of Civil Procedure 36(a); therefore, argues TruGreen, the requests are deemed admitted as a matter of law. Fed. R. Civ. Pro. 36(a). TruGreen served its requests by mail on the EEOC on September 11, 1998. TruGreen contends that, considering the extra time allowed by the federal rules for service by mail, the EEOC's responses were due 33 days later, or October 14, 1998. The EEOC served its motion for protective order on October 15, 1998.

The EEOC contends its response was timely because it was not due until October 16. The EEOC arrived at this date by first counting 30 days after the date of service, which was Sunday, October 11. The next day, October 12, was a federal holiday. Federal Rule of Civil Procedure 6(a) excludes Sundays and federal holidays from the computation of the end of a response period; accordingly, argues the EEOC, the 30–day response period ended on Tuesday, October 13. The EEOC then added three days for service by mail under Rule 6(e), arriving at its proposed due date of October 16, 1998.

The EEOC's treatment of the three additional days for mailing as a separate period is generally not regarded as the proper computation method unless the original response period is eleven days or less. *See* 4A Wright & Miller, Federal Practice and Procedure § 1171 at 519–21. "When the original period is eleven days or more, the three additional days allowed when service has been made by mail should be added to the original period, rather than treated as a separate period, and the total treated as a single period for purposes of computation." *Id.* at 516. Accordingly, the EEOC's response was due on October 14, 1998, 33 days after TruGreen served its requests for admissions.

Nonetheless; the untimeliness of the EEOC's motion for a protective order was based on a reasonable misinterpretation of the method for calculating the time in which

it had to respond. Additionally, the EEOC missed its deadline by just one day. Accordingly, I will *sua sponte* grant the EEOC a one-day extension and accept the motion as timely. TruGreen has filed a brief objecting to the motion on its merits, so defendant will not be prejudiced by this ruling.

### 2. The Merits of the Motion

The EEOC seeks a protective order on the ground that TruGreen's requests are irrelevant, not calculated to lead to the discovery of admissible evidence and frivolous. TruGreen responds that the sought-after information is relevant to show that the EEOC "is aware that the allegations of this lawsuit are not sufficient for a finding of sexual harassment under existing law." Defendant's Brief, Dkt. 38 at 8.

Frankly, the genuine purpose of TruGreen's requests continues to confound me. I assume that the *State Journal*'s newspaper reporter—Cary Segall, a seasoned courthouse veteran—got his facts correct and that Regional Attorney Daniels actually said that conduct of the sort complained of in this lawsuit has not yet been deemed to constitute sexual harassment. Having thought about this a bit, my response remains unchanged from that offered at the hearing: so what?

It would be one thing if TruGreen were seeking Rule 11 sanctions against the EEOC, but TruGreen represented during the hearing that no such request was in the works despite TruGreen's use of some Rule 11 buzzwords in its brief. *See* Transcript of Motion Hearing, Dkt. 42, at 14. TruGreen also acknowledged that a litigant is entitled to argue for the extension or modification of existing law and that the EEOC has a reasonable basis for doing so in this case. *Id.* at 13. TruGreen contends, however, that the evidence it seeks in the admissions are relevant to prove that the EEOC's claims are not supported by existing law, and further contends that it would be entitled to present this evidence either at trial or in support of a summary judgment motion.

Not so. Whether offered at trial or on summary judgment, any evidence submitted by either party in this case must comport with the Federal Rules of Evidence. *See* Fed. R. Civ. Pro. 56(e) (evidence submitted in support of a summary judgment motion must consist of "such facts as would be admissible in evidence"). Evidence that is not relevant is not admissible. Fed. R. Evid. 402.[2] " 'Relevant evidence' means evidence having any tendency to make the existence of any *fact* that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401, emphasis added.

TruGreen attempts to wedge Daniels's comments into this definition by asserting that these comments bear on the ultimate issue of whether defendant sexually harassed Potaczek. But TruGreen is not arguing that Daniels's comments show one way or another what actually happened to Potaczek while employed by TruGreen; obviously, Daniels has no personal knowledge about the underlying facts. What TruGreen is really contending is that Daniels's comments tend to show that the conduct alleged in the EEOC's complaint does not constitute sexual harassment as the Supreme Court currently defines that term.

TruGreen is panning for gold in a dry stream. It wouldn't matter if Attorney Daniels was the intellectual heir of Benjamin Cardozo, his musings on the legal viability of Potaczek's claim are not evidence of anything. An attorney's out-of-court statements about a case are not admissions attributable to his client, nor are they evidence in their own right admissible in a summary judgment motion or at trial.

The EEOC is correct when it states that "[i]f TruGreen wants to argue that the allegations in the EEOC's Complaint have no basis in law, it should file a summary judgment motion, and allow the Court to decide whether those allegations should proceed to trial." Or, TruGreen can file a genuine motion to dismiss the claim under Rule 12(b)(6).

---

**2.** TruGreen points out that information need not be admissible to be discoverable, which is inarguable. Yet TruGreen has made no attempt to show how Daniels's statements could reasonably lead to the discovery of admissible evidence.

In either case, this court would determine whether the facts or the allegations of the complaint make out a colorable claim of sexual harassment as that term has been defined by the Supreme Court and the Court of Appeals for the Seventh Circuit. Whether existing law supports the EEOC's claim is an issue for the court to decide.

TruGreen also contends that Daniels's statements would tend to support an award of attorneys fees in TruGreen's favor on the ground that the claim was groundless or frivolous. *See Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421–22, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) (district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, without foundation or that the plaintiff continued to litigate after it clearly became so); *see also Hensley v. Eckerhart,* 461 U.S. 424, 429 n. 2, 103 S.Ct. 1933, 1937 n. 2, 76 L.Ed.2d 40 (1983) (prevailing defendant may recover attorney's fees only when suit vexatious, frivolous, or brought to harass or embarrass defendant). This argument is also uncompelling.

Even if Daniels's comments were somehow relevant to this issue, this court need not find that the EEOC actually knew the suit was frivolous in order to award attorney fees to defendant. Lawyers are presumed to know the law. If this court determines that the EEOC's claim is so lacking in legal merit so as to be frivolous or unreasonable, it shall award attorney fees to defendant, period. Statements made by EEOC's counsel regarding his opinion of the case will almost certainly be irrelevant to that determination. I can envision scenarios where an attorney's comments to the press might turn out to be relevant to a claim for fees, but the statements made here do not come close.

In sum, despite its too-loud protestations to the contrary, TruGreen gains absolutely nothing useful to this lawsuit from the EEOC's answers to TruGreen's requests for admission, regardless what those answers might be. Given this, one might wonder why the EEOC doesn't just go ahead and answer, particularly requests 1 and 5, which request that the EEOC admit simply that Daniels made comments to the *State Journal* and that a copy of the newspaper article is what it is.

But it is unfair to make the EEOC respond to even benign discovery requests that have no genuine purpose in furthering this litigation and that border on harassment. We have already been part-way down this road when I quashed TruGreen's attempts to subject the EEOC to Rule 30(b)(6) depositions. Maybe in sports the best defense is a good offense, but in this lawsuit, TruGreen's requests for admissions aren't good, they're borderline offensive. TruGreen probably—and understandably—resents being selected by the EEOC as the lab rat in this search for the edge of the Title VII envelope, but TruGreen gains nothing by fighting back with petty, misdirected discovery requests. Regardless what TruGreen thinks of the merits of the EEOC's claims, TruGreen is not advancing its cause by approaching pretrial discovery the way Rome approached Carthage. TruGreen's salt-the-earth approach to pretrial discovery will not work in this court.

The EEOC sees TruGreen's discovery tactics as yet another example of what it claims is a nation-wide effort by businesses to put the EEOC on trial when it investigates harassment charges. I am not concerned with allegedly hostile litigation tactics used by other defendants in other courts in other EEOC cases. My concern is keeping this case on track toward a fair and efficient resolution. TruGreen's requests for admissions are irrelevant, unnecessary and inefficient. Therefore, I am granting the EEOC's motion for protection.

This is the second time that I have granted the EEOC protection from improper discovery by TruGreen. Whatever TruGreen's experience in other federal courts, I find no justification for the discovery techniques it has used in this court. The only cost to TruGreen this time will be cost-shifting under Rule 37(a). Further discovery transgressions by TruGreen shall result in sanctions under Rule 37(b).

558

## ORDER

**IT IS ORDERED** that plaintiff Equal Employment Opportunity Commission's motion for a protective order is GRANTED. Defendant TruGreen Limited Partnership's First Request for Admissions is quashed in its entirety.

**IT IS FURTHER ORDERED** that plaintiff Equal Employment Opportunity Commission may have until November 20, 1998 within which to file and serve its itemized list of expenses. Defendant TruGreen Limited Partnership may have until November 24, 1998 within which to respond to the reasonableness of the EEOC's request.

CROCKER, United States Magistrate Judge.

Dated this 17th day of November, 1998.