Rocky HUNT, Sylvia Hunt, R.H. Transport, Inc., Randolph N. Osherow, Trustee for the estate of Rocky & Sylvia Hunt, and Johnny W. Thomas, Trustee for the estate of R.H. Transport, Inc., Plaintiffs

v.

PARKWAY TRANSPORT, INC., Parkway Distributors, Inc., and Parkway Custom Carriage, Inc. Defendants.

No. SA 98–CA–393 WWJ.

United States District Court,
W.D. Texas,
San Antonio Division.

May 18, 2001.

Marvin G. Pipkin, Pipkin & Oliver, LLP, San Antonio, TX, Deborah D. Williamson, Cox & Smith, Inc., San Antonio, TX, for plaintiffs.

Sharon E. Callaway, Crofts, Callaway & Jefferson, San Antonio, TX, Annalyn G. Smith, Bracewell & Patterson, LLP, San Antonio, TX, for defendants.

## ORDER

JUSTICE, Senior District Judge.

On September 9, 1999, plaintiffs, Rocky Hunt, Sylvia Hunt, R.H. Transport, Inc., Randolph N. Osherow, Trustee, and Johnny W. Thomas, Trustee (collectively, "plaintiffs"), filed Plaintiffs' Motion to Strike Defendants Objections to Decision and Order on Motion of Plaintiffs for Reconsideration (Doc. No. 12). On September 10, 1999, defendants, Parkway Transport, Inc., Parkway Distributors, Inc., and Parkway Custom Carriage, Inc. (collectively, "defendants"), filed Defendants' Response to Plaintiffs' Motion to Strike and Motion to Extend Time for Filing of Ob-

jections (Doc. No. 13). Numerous replies and responses were then filed, beginning on September 16, 1999, and continuing through August 16, 2000.

After careful review of these voluminous pleadings, and after consideration of the applicable authorities, Plaintiffs' Motion to Strike Defendants Objections to Decision and Order on Motion of Plaintiffs for Reconsideration (Doc. No. 12) will be **DENIED,** Plaintiffs' Motion to Strike Defendants' Supplemental Argument and Authority (Doc. No. 35) will be **DENIED,** and Defendants' Motion to Extend Time for Filing of Objections (Doc. No. 13) will also be **DENIED.**

### PROCEDURAL BACKGROUND

The procedural posture of this case is somewhat complex, and is thus worth explaining at the outset. This suit is a noncore civil action arising out of bankruptcy proceedings involving the plaintiffs. The civil action was tried to the bankruptcy judge, and on April 3, 1998, a decision was rendered thereon. This decision was forwarded to the district court as a report and recommendation for judgment in favor of defendants Parkway. On April 17, 1998, plaintiffs filed with the bankruptcy court a motion for reconsideration of the bankruptcy judge's decision. Plaintiffs also asked the bankruptcy court to rule that the motion for reconsideration tolled the ten-day requirement for the filing of objections, or, in the alternative, asked the bankruptcy court for a twenty-day extension to file its objections to the original report and recommendation. On April 28, 1998, the extension was granted, and the plaintiffs filed their objections thereafter. On January 13, 1999, the district court recommitted the report and recommendation to the bankruptcy court for a ruling on the plaintiffs' motion for reconsideration. On July 28, 1999, the bankruptcy court granted in part the plaintiffs' motion

for reconsideration, and it issued a supplement to its original report and recommendation. The report and recommendation was then again forwarded to the district court for review.

Each party submitted objections to the report and recommendation, as supplemented on July 28, 1999. The plaintiffs submitted their objections on August 10, 1999. On August 11, 1999, the bankruptcy court granted the defendants leave to file their objections no later than September 2, 1999.[1] In accordance therewith, defendants submitted their objections on September 2, 1999.

The substance of the parties' objections are not under consideration for the purposes of this order. Instead, the question for consideration today is the timeliness of the defendants' objections, and whether the defendants' objections should be stricken in the event that they are found to be untimely.

### TIMELINESS OF THE DEFENDANT'S OBJECTIONS

Rule 9033 of the Federal Rules of Bankruptcy Procedure sets out the deadline for the filing of objections to a report and recommendation of a bankruptcy judge in a non-core proceeding. It states that "[w]ithin 10 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections." FED. R. BANKR. P. 9033(b). Because the defendants anticipated difficulties in complying with the ten day requirement, they filed a motion with the bankruptcy court, pursuant to F. R. Bank. P. 9033(c), requesting a twenty-day extension. The bankruptcy court granted the defendants' motion for extension, giving the defendants "an additional twenty (20) days" be-

yond the original deadline, "or until September 2, 1999."

The plaintiffs claim that twenty days beyond the original deadline does not mean the same thing as "until September 2, 1999." The plaintiffs argue that an additional twenty days beyond the original deadline only extends the deadline until August 30, 1999. The defendants respond that the plaintiffs are incorrect, and that September 2, 1999 means the same thing as an additional twenty days beyond the original deadline. As a bankruptcy judge lacks the authority to grant an extension of the time to file objections to a report and recommendation beyond twenty days past the original deadline, a correct calculation of the twenty-day period is dispositive of the timeliness issue. FED. R. BANKR. P. 9006(b), 9033(c).

It is found that the plaintiffs' calculation is accurate. Under the bankruptcy rules, a party has ten days following service to file objections to a bankruptcy court's report and recommendation in a non-core proceeding. FED. R. BANKR. P. 9033(b). Weekends are included in the calculation of this ten-day period. FED. R. BANKR. P. 9006(a) ("When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in this computation."). However, since the parties in this case were served with the report and recommendation by mail, an additional three days are added to the response time. FED. R. BANKR. P. 9006(f) ("When there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period.").

---

1. On August 6, 1999, the defendants filed a motion to extend the time in which to file its objections to the report and recommendation.

Rule 9006(a) states that, "When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in this computation." The defendants argue that since three days is less than eight days, weekends should be excluded from the three day period. Reply to Plaintiffs' Response to Defendants' Motion to Extend Time for Filing at 2—4. In so arguing, defendants are attempting to analogize to Rule 6 of the Federal Rules of Civil Procedure. Under Rule 6, they argue, weekends are excluded from the three days that are added when service is effected by mail. The defendants' argument is incorrect. The majority rule is that weekends are not excluded from the three days that are added when service is effected by mail. *See CNPq–Conselho Nacional de Desenvolvimento Cientifico e Technologico v. Inter–Trade, Inc.*, 50 F.3d 56, 58 (D.C.Cir. 1995); *Epperly v. Lehmann Co.*, 161 F.R.D. 72, 75–76 (S.D.Ind.1994); 4A Wright & Miller, Federal Practice and Procedure: Civil 2d § 1171 (West 2000) (arguing that the best method is to add three calendar days to the beginning of the period and then to begin the ten-day period on the first day that is not a weekend or holiday, then computing the ten-day period excluding weekends and holidays).

If this case were governed by Rule 6, weekends would be excluded from the ten-day period, and the three day period would be tacked on either at the beginning or immediately following the ten-day period. *See CNPq–Conselho Nacional de Desenvolvimento Cientifico e Technologico v. Inter–Trade, Inc.*, 50 F.3d 56, 58 (D.C.Cir. 1995); *Epperly v. Lehmann Co.*, 161 F.R.D. 72, 75–76 (S.D.Ind.1994); 4A Wright & Miller, Federal Practice and Procedure: Civil 2d § 1171 (West 2000). However, the Rule 6 calculation for a ten-day period is inapposite in this instance, because the Rules of Bankruptcy Procedure do not allow for the exclusion of weekends from a ten-day period. Fed. R. Bankr. P. 9033(b). Instead, the appropriate analogy would be made to a Rule 6 calculation for a twelve-day period, because in both a Rule 6 twelve-day period and in a Rule 9033 ten-day period, weekends are included throughout. The appropriate way to calculate the additional three days in such a circumstance is to simply add the three days to the original time period, including weekends throughout. *See EEOC v. TruGreen Limited Partnership*, 185 F.R.D. 552, 555 (W.D.Wis.1998); 4A Wright & Miller, Federal Practice and Procedure: Civil 2d § 1171 (West 2000). Applying that calculation, the last possible date for which the defendants' objections could have been timely was August 30, 1999.[2] Therefore, objections filed on September 2, 1999, are untimely, and the bankruptcy court was without power to make them timely.

### Defendants' Request for an Extension of Time to File Objections

The defendants have filed a motion requesting that the district court now, after the fact, grant an extension to the defendants to file objections on September 2, 1999. The defendants' theory is that nothing in the Bankruptcy Rules prevents the district court from allowing a party to have more than twenty days to file objections. This court's view of its own role in this regard is more measured. When an act is not expressly prohibited, it is not necessarily, thereby, permitted. When a district court is dealing with a report and

---

**2.** Or August 31, 1999 depending on whether the first day to begin counting is July 29 or July 30. The parties seem to disagree about which date is the appropriate starting date. Either way, the due date is prior to September 2, 1999.

recommendation from a magistrate judge, it is expressly granted the authority to deal with extensions to the time period in which to file objections. *See* FED. R. CIV. P. 6(b). However, the bankruptcy rules expressly rest the authority to deal with extensions for the filing of objections in the hands of the bankruptcy judge. *See* FED. R. BANKR. P. 9033(c). The court declines to exercise power in an area where no power has been granted.[3]

## DISCRETION TO CONSIDER OBJECTIONS OUT OF TIME

■■ While the Rules of Bankruptcy Procedure do not grant power to the district court to affect the timeliness of filed objections, nothing cabins the district court's authority to consider objections that are not timely filed. *Cf. Thompson v. INS*, 375 U.S. 384, 387, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (holding that the appeals court can consider an appellant's argument on the merits even though the notice of appeal was not timely filed). Both parties agree that Rule 72 of the Federal Rules of Civil Procedure is analogous to Rule 9033 of the Federal Rules of Bankruptcy Procedure. Under Rule 9033(d), a district judge has the authority to "accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions." This is the same authority granted to a district judge in reference to a report and recommendation of a magistrate judge under Rule 72(b). With reference to Rule 72(b), the Supreme Court has clearly held that a district court can consider improperly filed objections to a re-

port and recommendation of a magistrate judge. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Likewise, it seems clear that a district judge can consider objections to a bankruptcy judge's report and recommendation, whether or not those objections were timely filed. *Cf. Thompson*, 375 U.S. at 387, 84 S.Ct. 397 (holding that under "unique circumstances," the court of appeals should entertain the merits of an appeal even though the appeal was not filed in a timely fashion). Unlike the differences between Rule 9033(c) and Rule 6(b) of the Federal Rules of Civil Procedure, which create differences in the locus of authority for filing deadlines, the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure are identical with respect to the authority of the district judge to dispose of the report and recommendation as is seen fit.

In this case, the confusion surrounding the due date for objections was in no small part created by the procedural complexity of the bankruptcy court's consideration of a motion for reconsideration. The confusion was then compounded by the erroneous ruling on the motion for extension. Therefore, this court will exercise its discretion and consider the defendants' objections in spite of their untimely filing.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Strike Defendants' Objections to Decision and Order on Motion of Plaintiffs for Reconsideration (Doc. No. 12) shall be, and is hereby **DENIED**, Plaintiffs' Motion to Strike Defendants' Supplemental Argument and Authority (Doc. No. 35) shall be,

---

**3.** The defendants also argue that the court can always extend a due date for a filing, citing *Thompson v. INS*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964). However, *Thompson* only stands for the proposition that an appellate court can choose, for equitable reasons, to hear a party's argument even though it is untimely filed. *Id.* at 387, 84 S.Ct. 397. It does not stand for the proposition that the appellate court can make the filing timely.

and is hereby **DENIED**,[4] and Defendants' Motion to Extend Time for Filing of Objections (Doc. No. 13) shall be, and is hereby **DENIED**.

4. The plaintiffs' motion to strike defendants' supplemental argument and authority is moot, as the court's reasoning does not depend on the defendants' supplemental argument and authority.