HOLZ–HER U.S., INC., Plaintiff,

v.

MONARCH MACHINERY, INC., Defendant.

No. 3:97–CV–56–P.

United States District Court, W.D. North Carolina, Charlotte Division.

March 5, 1999.

Samuel Coleman, Michael Adams, Charlotte, NC, for plaintiff.

Richard Kane, Charlotte, NC, for defendant.

### ORDER

POTTER, Senior District Judge.

**THIS MATTER** is before the Court following a telephonic request for clarification by Defendant Monarch Machinery, Inc. ("Monarch") regarding the Court's Order [document no. 41] and Judgment [document no. 42] entered February 24, 1999. The Court will vacate that Order and Judgment for the reasons set forth below.

On February 3, 1999, Plaintiff Holz–Her U.S., Inc. ("Holz–Her") filed a Motion to Confirm and for Entry of Judgment on Arbitration Award [document no. 40]. On February 24, 1999, the Court granted the motion and entered an Order and Judgment in favor of Holz–Her on the belief that Monarch had failed to respond.

On February 26, 1999, Monarch filed a Motion to Stay Consideration of Plaintiff's Motion to Confirm and Enter Judgment on Arbitration Award [document no. 43]. Counsel for Monarch called the Court on March 4, 1999, to express confusion over the timing of the Court's entry of the Order and Judgment. The misunderstanding stems from a recent change in the Local Rules, coupled with a coinciding adjustment to the Court's computerized docketing system.

On January 1, 1999, the United States District Court for the Western District of North Carolina adopted new Local Rules, which supersede all previous Local Rules theretofore in effect, as well as the Civil Justice Expense and Delay Reduction Plans adopted by this Court. This event marked the first time in thirty-four years that the Court adopted a new version of the Local Rules.

Notably, Local Rule 7.1 changed the time frame for filing responses to motions (twenty days to fourteen days) and for filing reply briefs (ten days to seven days). *See* W.D.N.C. R. 7.1; *cf.* Civil Justice Expense and Delay Reduction Plan under the Civil Justice Reform Act of 1990, § Three.II.B.1–2 (as amended Dec. 16, 1994). The Court's computerized docketing system, updated with the new Local Rules, automatically calendared Monarch's response deadline for February 17, 1999. Because Holz–Her's moving papers were filed by mail, applicable extensions enlarged this deadline to February 22, 1999. *See* Fed.R.Civ.P. 6(e) (three days added to prescribed period when motion served by mail); Fed.R.Civ.P. 6(a) (last day computed excludes holidays and weekends). Two days after this deadline passed, Monarch still had not responded, so the Court granted Holz–Her's motion.

Monarch subsequently responded to Holz–Her's motion by filing its Motion to Stay. Monarch's attorney then called the Court to assert that this was a timely response under the Pretrial Order and Case Management Plan filed in this case. Indeed, notwithstanding the new Local Rules, the Pretrial Order states that the time for filing a response shall be twenty days after service of the motion. (Pretrial Order & Case Mgmt. Plan § (III)(3)(a).) Thus, under the Pretrial Order, the deadline for Monarch's response was actually February 26, 1999, which was the day Monarch filed its Motion to Stay.

Monarch's Motion to Stay will be treated as a timely response to Holz–Her's Motion to Confirm and for Entry of Judgment on Arbitration Award. Because Monarch timely responded to Holz–Her's motion and because the Court prematurely entered an Order and Judgment on the motion, the Court will vacate the Order and Judgment.

The Pretrial Order will continue to govern the motion practice in this case. Holz–Her

will have ten business days to file a reply to Monarch's response, (*id.*), plus an additional three days for mail service. *See* Fed. R.Civ.P. 6(a), 6(e). Thus, Holz–Her will have until March 15, 1999, to reply to Monarch's response.[1]

**NOW, THEREFORE, IT IS ORDERED** that the Court's Order entered February 24, 1999, granting Holz–Her's Motion to Confirm and for Entry of Judgment on Arbitration Award [document no. 41] be, and hereby is, **VACATED.**

**IT IS FURTHER ORDERED** that the Court's Judgment entered February 24, 1999, in favor of Holz–Her against Monarch in the amount of $246,006.86 plus interest [document no. 42] be, and hereby is, **VACAT-ED.**

**IT IS FURTHER ORDERED** that Monarch's Motion to Stay Consideration of Plaintiff's Motion to Confirm and Enter Judgment on Arbitration Award [document no. 43] be treated as a response to Holz–Her's Motion to Confirm and for Entry of Judgment on Arbitration Award [document no. 40]. *Holz–Her shall reply to this response no later than March 15, 1999.*

---

1. Courts apparently have disagreed on how to compute a deadline in this situation. *See generally* 1 *Moore's Federal Practice* § 6.05[2] (3d ed.1998). This Court will adopt the method used in *CNPq–Conselho Nacional de Desenvolvimento Cientifico e Technologico v. Inter–Trade, Inc.,* 50 F.3d 56, 58 (D.C.Cir.1995), where Rule 6(a)'s exclusion of intermediate weekends and holidays from periods shorter than 11 days is first applied and the 3–day extension per Rule 6(e), including intermediate weekends and holidays, is added subsequently.