**HOLZ–HER U.S., INC., Plaintiff,**

v.

**MONARCH MACHINERY, INC., Defendant.**

No. 3:97–CV–56–P.

United States District Court, W.D. North Carolina, Charlotte Division.

April 12, 1999.

Samuel Coleman, Charlotte, NC, Michael Adams, Charlotte, NC, for plaintiff.

Richard Kane, Charlotte, NC, for defendant.

### ORDER

ROBERT D. POTTER, Senior District Judge.

**THIS MATTER** is before the Court on Plaintiff's Motion to Confirm and for Entry of Judgment on Arbitration Award [document no. 40, filed February 3, 1999].

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 24, 1997, Monarch Machinery, Inc. ("Monarch") filed a lawsuit against Holz–Her U.S., Inc. ("Holz–Her") and one of its employees in a Texas State Court. The dispute involved the alleged breach of the parties' 1988 exclusive distributorship agreement, which contained an arbitration clause, as well as other claims arising out of the parties' business relationship. On February 5, 1997, Holz–Her filed suit in this Court to stay the Texas action, to compel arbitration of the contract claims, and to collect payment on unpaid equipment invoices. On March 11, 1997, this Court denied the motion to stay and ordered the parties to arbitrate "any claims or controversies arising out of or relating to an exclusive distributorship agreement between the parties, termination of that agreement, and any alleged breach thereof." Also, the debt collection claims, which were not covered by an arbitration clause, were submitted to arbitration by consent.

An arbitration panel subsequently determined that Monarch owed Holz–Her $246,006.86 on the collection claims. The panel also ruled that Monarch suffered contract damages in the amount of $33,600.97, thereby constituting an offset and leaving a final net amount owed by Monarch to Holz–Her of $212,405.89 plus interest.

On July 24, 1998, this Court affirmed in part and vacated in part the arbitration award. Specifically, the Court affirmed the award as to the collection claims but vacated the award as to contract claims that did not relate specifically to the 1988 agreement. The error was a result of the Court's overly broad order compelling arbitration, which allowed the panel to analyze claims relating to agreements subsequent to the 1988 agreement. These subsequent agreements did not contain arbitration clauses; therefore, the panel was without jurisdiction to rule on such claims. The Court remanded to the panel the sole issue of whether Holz–Her breached the 1988 agreement and, if so, whether, and in what amount, Monarch sustained damages.

On January 7, 1999, the arbitration panel determined that Holz–Her did not breach any of its obligations under the 1988 agreement. Because this was the only remaining issue to be confirmed by the Court, on February 3, 1999, Holz–Her filed a Motion to Confirm and for Entry of Judgment on Arbitration Award. On February 24, 1999, the Court granted the motion and entered an Order and Judgment in favor of Holz–Her on the belief that Monarch had failed to respond. In fact, due to a recent change in the Local Rules, there was a misunderstanding with regard to the deadline for Monarch's response. *See Holz–Her U.S., Inc. v. Monarch Machinery, Inc.*, 187 F.R.D. 238, 238–40 (W.D.N.C.1999).

On February 26, 1999, Monarch filed a Motion to Stay Consideration of Plaintiff's Motion to Confirm and Enter Judgment on Arbitration Award. Treating Monarch's Motion to Stay as a timely response to Holz–Her's Motion to Confirm, the Court vacated the Order and Judgment, and directed Holz–Her to file a reply brief. *Id.* at 240. Holz–Her's Motion to Confirm is now ripe for consideration.

### II. DISCUSSION AND ANALYSIS

The arbitration panel's award upon remand is the only issue remaining to be

confirmed by the Court. Monarch asserts that the Court should stay confirmation of the award and entry of judgment based on principles of equity. Specifically, Monarch claims that entry of the judgment would cause undue financial hardship and impair its ability to fully prosecute the Texas lawsuit, which was the original action that engendered litigation in this Court. Monarch therefore recommends that the Court delay entry of judgment pending the outcome of the Texas action, which is currently scheduled for trial on August 16, 1999. In this way, argues Monarch, the award on the collection claims may be used as an offset of any award by the Texas State Court.

■ Holz–Her asserts that the Court must confirm and enter judgment on the arbitration award because the Federal Arbitration Act has a "statutory policy of rapid and unobstructed enforcement of arbitration agreements." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). While this policy expressed in *Moses H. Cone* is focused on the responsibility of federal courts to *compel* arbitration, the Court believes that it is equally important in determining whether to *enforce* an arbitration award. Just as "exceptional circumstances" must exist in order to prevent a Court from compelling arbitration, *id.* at 20, 103 S.Ct. at 938, a party seeking a stay to the enforcement of an arbitration award should be required to make a similarly strong showing.

■ Monarch asserts that exceptional circumstances exist because enforcement of the award "might well cause its ability to continue its state court litigation to be impaired." (Def.'s Mot. Stay at 2–3.) Monarch adds that it "cannot sate [sic] with certainty whether the Texas state action could be prosecuted to the fullest extent, if at all, in the Texas State Court." (*Id.* at 2–3.) Likewise, Monarch's President states that "there is a substantial likelihood that Monarch will be forced to file for bankruptcy protection." (Atkinson Aff. ¶ 4.)

These speculative statements are an insufficient basis for the relief requested. *See, e.g., Kallen v. District 1199, Nat'l Union of Hosp. and Health Care Employees*, No. 77 Civ.1964–CSH, 1977 WL 1726, at *3 (S.D.N.Y. Sept.12, 1977) (declining to exercise equitable powers to stay the enforcement of an arbitration award pending resolution of a state court action in light of the petitioner's financial condition). If indeed Monarch needs to file bankruptcy to preserve its business, that avenue is available to it. Nothing in Title 11 prevents Monarch (or its trustee) from litigating its claims in bankruptcy. Finally, it must be noted that the arbitration panel found— albeit without jurisdiction—that Monarch's contract claims had a value of $33,697.00; thus, the Court is not convinced that the outcome of the Texas action will place Monarch in any better financial position to pay the collection claims later. As such, Holz–Her is entitled to an order and judgment confirming the final arbitration award and award upon remand in all respects.

**NOW, THEREFORE, IT IS ORDERED** that Plaintiff's Motion to Confirm and for Entry of Judgment on Arbitration Award [document no. 40] be, and hereby is, **GRANTED.**